JACOB P. FINLEY et al., Appellants, *v.* EDWIN G. FAY, Respondent.

(Argued June 5, 1884; decided June 27, 1884.)

THE complaint in this action alleged in substance that the parties were originally partners; that upon the dissolution of the partnership they had an accounting and settlement of the firm account, by which it was found that defendant was indebted to plaintiffs in the sum of $16,000, which sum plaintiffs sought to recover. The defendant set up an agreement executed on the dissolution, which he claimed was a release. By the agreement defendant assigned and transferred all his interest in the partnership assets to plaintiffs. In consideration whereof plaintiffs covenanted and agreed to save defendant harmless from the payment of any and all of the indebtedness of the late firm. Plaintiffs offered to prove by parol the accounting and settlement alleged in the complaint. This was objected to on the ground that the written agreement operated as a full settlement and release, and could not be varied by parol. The objection was sustained.

The court here say:

" There is nothing in the language or effect of the written agreement set out in the answer which prohibits the plaintiffs from proving under their complaint, by parol, and recovering upon the cause of action alleged by them, to-wit: that at the time of the dissolution of the copartnership between the parties, there was a settlement of the firm accounts, by which it was found that there was due the plaintiffs from the defendant the sum of $16,000, which he promised and agreed to pay.

" The referee erred in holding that such proof could not be given or recovery had, and the judgment of the General Term

and that entered upon the report of the referee should, therefore, be reversed, and a new trial granted, costs to abide event."

*Frederick Collin* for appellants.

*Seymour Dexter* for respondent.

*Per Curiam.* Mem. for reversal of judgments of General Term, and that entered on the report of the referee and for a new trial.

All concur, except RUGER, Ch. J., and MILLER, J., dissenting.

Judgment reversed.