[No. 11904.   Department Two. — March 30, 1889.]

J. JEPSEN, RESPONDENT, v. GEORGE P. BECK, AP-
PELLANT.

PARTNERSHIP — DISSOLUTION — ACCOUNTING — WINDING UP FIRM AFFAIRS
— ACTION AGAINST PARTNER TO RECOVER BALANCE. — Where a partner-
ship is dissolved by mutual consent, and an accounting is had between
the members, and an agreement is entered into that the firm debts shall
be paid equally, one of the partners, who collects all the available part-
nership assets, and applies them to the payment of the firm indebtedness,
and pays the balance of the indebtedness with his own funds, may main-
tain an action against the other to recover his proportion of the indebted-
ness so paid, although no definite balance has been agreed upon between
them.

EVIDENCE — HEARSAY — CONTRADICTING WITNESS. — Evidence of statements
made by one person are inadmissible for the purpose of contradicting
another.

APPEAL from a judgment of the Superior Court of
Monterey County, and from an order refusing a new
trial.

The facts are stated in the opinion of the court.

*R. M. F. Soto,* and *Herrmann & Soto,* for Appellant.

The demurrer to the complaint should have been sus-
tained, as one partner cannot sue another partner at law,
unless there has been a complete settlement and account-
ing, and a balance struck between them. (*Ross* v. *Cor-
nell,* 45 Cal. 133; *Bowzer* v. *Stoughton,* 119 Ill. 47.) The
settlement and balance struck must be final; otherwise
neither partner is a debtor or creditor of the other,
and the remedy of either partner against the other is in
equity. (*Gleason* v. *White,* 34 Cal. 259; *Williams* v. *Hen-
shaw,* 11 Pick. 81; 22 Am. Dec. 366; *Burns* v. *Nottingham,*
60 Ill. 531; *Griggs* v. *Clark,* 23 Cal. 427; *Martin* v. *Stub-
bings,* 20 Bradw. 381.) The complaint should state what
has become, or what disposition has been made, of all
the assets of the firm. It makes no reference to any

assets other than the credits of the firm. (*Dowling* v. *Clarke*, 13 R. I. 134; Collyer on Partnership, sec. 281, and notes; *Williams* v. *Henshaw*, 11 Pick. 79; 22 Am. Dec. 366.)

*S. F. Geil*, and *H. V. Morehouse*, for Respondent.

The complaint stated facts sufficient to entitle the plaintiff to sue at law. (Parsons on Partnership, 303–305; *Burns* v. *Nottingham*, 60 Ill. 561; *Lane* v. *Tyler*, 49 Me. 108; *Holyoke* v. *Mayo*, 50 Me. 385; *Goble* v. *Howard*, 12 Ohio St. 165.)

SHARPSTEIN, J.—From the first day of June, 1883, to the twenty-sixth day of January, 1885, plaintiff and defendant were partners doing business at Salinas City, under the firm name of Jepsen and Beck. On the last-mentioned date said partnership was dissolved by mutual consent, and an accounting had between the parties of all their partnership dealings and transactions, and it was agreed between them that all the debts owing by the partnership should be equally paid by them, and that all moneys owing to the partnership should be paid to and collected by the plaintiff, and by him be applied to the payment of the debts of the partnership. The partnership at that time owed one thousand eight hundred and forty-eight and seventy-three hundredths dollars ($1,848.73), and there was owing to it one thousand twenty-seven and ninety-seven hundredths dollars ($1,027.97). Of the amount due the firm, plaintiff collected $664.51, and the residue of the debts owing to the firm is worthless, and of no value whatever. Plaintiff has paid all the indebtedness of said firm, which is $1,154.27 more than the sum realized from the debts owing to the firm. Plaintiff claims that one half of such excess should be paid by defendant, who refuses to pay it, although requested so to do. Wherefore plaintiff brings this action, and demands judgment for the sum

of $546.84, together with interest thereon from the twenty-sixth day of March, 1885.

The defendant demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

The demurrer was overruled, and the defendant interposed a general denial of all the allegations of the complaint. The issues were tried by a jury, which rendered a verdict in favor of the plaintiff for the amount claimed in his complaint. Defendant moved for a new trial, which was denied, and from the judgment and said order this appeal is taken.

Appellant's contention here is, that the court erred in overruling the demurrer, and in denying the motion for a new trial.

The objection urged against the complaint is, that it does not show a complete settlement and accounting, and a balance struck between the parties.

We think it does show a complete settlement and accounting, but does not show a balance struck between the parties.

The rule is well settled that one partner cannot maintain an action against another to recover an amount claimed by him by reason of partnership transactions, until there has been a final settlement of the affairs of the concern by discharging its liabilities, collecting its assets, and definitely ascertaining the surplus to a share of which he is entitled. (Bates's Law of Partnership, 849.) The reasons for this rule have been variously stated, but this case, as we view it, is not within any of them. The complaint shows that there are no outstanding demands against the partnership, and no outstanding debts to be collected, or that can be collected, so that the judgment to be rendered will be a final settlement between the partners. Under our system of procedure, the defendant might have had in this action, had he desired, a discovery and accounting, which certainly

obviates the principal objection to the maintenance of such an action in a case like this.

The demurrer was properly overruled.

The evidence introduced by the plaintiff tended to prove all the material allegations of the complaint, and although that of the defendant tended to disprove some of them, we cannot disturb the order denying the motion for a new trial, on the ground that the evidence is insufficient to justify the verdict. The objection to the question put to Mrs. Beck by defendant's attorney, for the purpose of contradicting Jepsen, the plaintiff, as stated by said attorney, was properly sustained. Evidence of what Johnson told her was inadmissible for that purpose.

Our conclusion is, that the judgment and order should be affirmed.

Judgment and order affirmed.

McFARLAND, J., and THORNTON, J., concurred.

Hearing in Bank denied.