Joseph A. Ferguson, Respondent, v. George Baker, Appellant.

Although, ordinarily, one partner may not sue his copartner at law in respect to partnership dealings, if the cause of action is distinct from the partnership accounts, and does not involve their consideration, it is maintainable.

Plaintiff's complaint alleged, in substance, that the parties' were formerly copartners; that the copartnership had been dissolved and a settlement made; that defendant had agreed to collect the debts due the firm, amounting to a sum specified, and as soon as collected, to pay over to plaintiff his share, *i. e.*, one-half thereof; that defendant had collected said amount, but had not paid as agreed, and judgment was demanded for the one-half. *Held,* that the action was maintainable upon the facts alleged.

The dissolution was by an indorsement upon the copartnership agreement, which indorsement stated that the copartnership was dissolved by mutual consent, and that defendant was authorized and consented "to settle all debts to and by the firm." Plaintiff was permitted to show, mostly by oral evidence, that all the partnership matters were, about the time of the dissolution, settled and adjusted, its assets divided, and its debts paid or assumed by defendant, and nothing left to be done except the collection and division of the debts due the firm, and that defendant agreed to pay to plaintiff his share of the collections. *Held,* that the evidence was properly received; that it was not rendered incompetent by the agreement of dissolution, as the adjustment of the partnership matters and the promise to pay were not merged in, and were not contradictory of said agreement.

(Submitted June 26, 1889; decided October 8, 1889.)

Appeal from a judgment of the General Term of the City Court of Brooklyn, entered upon an order made September 27, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict and an order denying a motion to set aside the verdict, and for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*John R. Tresidder* for appellant. The court erred in admitting the testimony concerning the alleged *colloquium*

when the whole of the agreement was in writing. (Green-leaf on Ev. [4th ed.] 351–352.) As the appellant duly excepted to the admission of said testimony, and also to the judge's refusal to dismiss the complaint and direct a verdict for the appellant, the judgment should be reversed. (*Chapin* v. *Dobson*, 78 N. Y. 74; *Brigg* v. *Hilton*, 99 id. 517.) There must be not only a settlement, but an express promise to pay before an action at law by one partner to recover his share of the partnership moneys against another partner can be maintained. (*Rainsford* v. *Rainsford*, 57 Barb. 58–66; 47 N. Y. 656; *Cummings* v. *Morris*, 25 id. 625–629; *Buell* v. *Cole*, 54 Barb. 353; *Murray* v. *Rogers*, 14 Johns. 313; *Casey* v. *Brush*, 2 Caines, 293; *Westerlo* v. *Evertson*, 1 Wend. 532; *Crater* v. *Bininger*, 45 N. Y. 545–549; *Muller* v. *Cox*, 15 N. Y. S. R. 393; *Arnold* v. *Arnold*, 90 N. Y. 580–583; *Belanger* v. *Dana*, 52 Hun, 39; Parsons on Con. 164; Story on Part. §§ 219–221; Colyer on Part. 269; Lindley on Con. 1032.) Balances struck only preparatory to a settlement are not sufficient. Until the final settlement is had, the remedy is equity. (*Burns* v. *Nothingham*, 60 Ill. 531.)

*F. L. Backus* for respondent. The action at law can be maintained. There was abundant evidence of a "settlement and an express promise to pay" the amount claimed and the question was fairly submitted to the jury in the charge of the court. (*Rainsford* v. *Rainsford*, 57 Barb. 58; 47 N. Y. 656; *Finley* v. *Fay*, 96 id. 663; *Powell* v. *Noye*, 23 Barb. 184; *Howard* v. *France*, 43 N. Y. 593; *Crater* v. *Binninger*, 45 id. 545.) The agreement to pay to the plaintiff one-half of the money when collected was not merged in the memorandum of dissolution, and parol evidence of the verbal agreement was properly admitted. (*Finley* v. *Fay*, 96 N. Y. 663; *Chapin* v. *Dobson*, 78 id. 74; *Brigg* v. *Hilton*, 99 id. 517; *Eighmie* v. *Taylor*, 98 id. 288; *Guinnip* v. *Close*, 19 Wkly. Dig. 224; *Earl* v. *Collins*, 19 id. 307; *Robinson* v. *Mernaugh*, 21 id. 311; *Tainter* v. *Hemmingway*, 18 Hun, 458.)

POTTER, J.   The parties to the action had been copartners in manufacturing and selling shoes in the city of Brooklyn under written articles of copartnership, and under the firm name of Baker & Ferguson, from the 1st day of March to the 23d day of July, 1885, when the copartnership was dissolved by mutual consent expressed in writing, indorsed upon the agreement of copartnership as follows :

" By mutual consent of the parties to the within agreement, the partnership thereby formed is wholly dissolved ; the within George Baker is authorized and consents to settle all debts to and by the firm.

" Dated the 23d day of *July,* 1885.

> " JOSEPH A. FERGUSON.   [L. s.]
> " GEORGE BAKER.            [L. s.] "

The action is brought to recover one-half of the sum of money collected by the defendant upon bills due the firm and unpaid at the time of the dissolution, upon allegations contained in the complaint to the effect that said partnership had been dissolved and a settlement made ; that the defendant had consented and agreed to collect the debts due said plaintiff and defendant, as said firm, amounting to about $1,494.97, and to pay over to plaintiff as soon as collected his share, one-half of said amount ; that said defendant had collected said amount, but had not paid plaintiff any part of the amount so collected, except the sum of $86, and demanding a judgment against the defendant for the sum of $653.21.

The action is, therefore, one at law.   The plaintiff, to support the action, introduced evidence tending to show that the money and stock in trade, manufactured and unmanufactured, had been divided between them ; that the interest of the plaintiff, as a partner in the plant, had been sold to defendant and paid for out of defendant's share of the moneys on hand, and, in short, that the whole partnership property and assets and affairs, and the debts owing by the firm, were assumed by the defendant or paid by the firm at or near the dissolution, and the alleged promise by the defendant to collect and pay

Opinion of the Court, per POTTER, J.

over to plaintiff the one-half of the debts owing the firm, and that nothing in relation to the partnership, its assets or liabilities, remained, except the collection of the debts due the firm.

There seems to be only two questions presented for consideration upon this appeal, and they are, first, whether an action at law can be maintained upon the facts alleged and found by the jury; and, second, whether the mode of proving those facts was allowable.

Assuming the first proposition to be as contended for by the appellant, viz., that there must be a settlement and a promise to pay in order to maintain an action at law between partners, was there not a settlement between the parties of all such matters as are usually effected by an accounting before a court or referee, and upon which the rights, duties and obligations of partners are determined or settled.

A settlement or adjustment of such rights and obligations is ordinarily done by the court after an accounting, and whether these rights, duties and obligations are settled by a court or by the parties can make no difference as to the parties after such settlement.

In this case it was found that all partnership matters and affairs were adjusted, and nothing was left to be done but the collection of the debts due the firm, and that the defendant promised to, and has collected the same, or a portion of them. The only thing remaining is for him to perform the remainder of his promise, viz., to pay the plaintiff his half of the moneys collected, and this he refused to do. Can it be that a court of law is not competent to render a judgment that he should perform as he promised? What more can a court of equity do, or what more is there any necessity to do, than has been done by the parties themselves? It seems to me that there is neither anything to do or to undo in this case by a court of equity. Indeed, a court of equity not only should not, but cannot make a different division and settlement between these parties, but must leave them where their own voluntary acts have placed them, and that is, where they are cognizable in a court of law.

The rule is well settled that though, ordinarily, one partner cannot sue his copartner at law in respect to partnership dealings, if the cause of action is distinct from the partnership accounts and *does not involve their consideration,* the action may be maintained. (*Crater* v. *Bininger,* 45 N. Y. 545; *Howard* v. *France,* 43 id. 593.)

Now, as to the evidence introduced upon the trial, to prove the facts to the jury. It was objected that this proof of the settlement and promise to pay being mainly verbal and outside of the written agreement of dissolution, could not be introduced; that it was to be considered that it was merged in it or was contradictory of it. This position is totally untenable in either aspect. (*Finlay* v. *Fay,* 96 N. Y. 663; *Brigg* v. *Hilton,* 99 id. 517; *Chapin* v. *Dobson,* 78 id 74.) The articles simply provided for a dissolution of the firm, and which of them should collect the outstanding debts due the firm, a power which either might exercise by law and without an express agreement.

The agreement did, and was doubtless intended to, do no more than to to dissolve the copartnership and to terminate their relations as copartners, and to announce the fact to the persons dealing with the firm, and to the public. There was no occasion, in the article of dissolution, to state, as between themselves nor as to the public, whether or not they had settled their partnership affairs or how they had settled them. The settlement or division had been consummated contemporaneously with the agreement of dissolution. Just *when* is of no moment, so long as it was an accomplished fact. It should not, therefore, have been in the agreement of dissolution. Nor is it, in any sense, contradictory of it. It was entirely distinct from the agreement. That agreement is *one* thing. How their partnership affairs should be settled and closed quite *another.* Unless they should wind them up by an agreement between themselves, they could do so by going into a court of equity. They chose the wiser course and kept out of a court of equity; and if the defendant had kept the promise the jury found he made, he would also have kept out of a court of law.

I have not overlooked the evidence that the defendant collected and acted upon the agreement apparently by collecting a portion of the debts due the firm, and paying over the half of the moneys so collected in accordance with its terms. But the agreement, if made as found by the jury, did not need these or any similar acts to confirm it.

The agreement was upon a good consideration, valid and enforceable in a court of law. I think the case was rightly decided and the judgment should be affirmed, with costs.

BRADLEY, J. I concur with the views of Judge POTTER. The written memorandum, to the effect that the partnership was dissolved by mutual consent, and that the defendant was authorized and consented "to settle all debts to and by the firm," did not necessarily have the effect to embrace or merge any agreement which may have been made by way of adjustment between the parties. The dissolution was an independent fact, and the power assumed by the defendant to collect and pay the outstanding bills and liabilities of the firm did not, in legal effect, involve the fact of adjustment of the accounts between the parties, or exclude the existence of an agreement of that character. That may properly have been the subject of oral contract between them, contemporaneously with the writing and independently of it. And upon the principle that a part only of the agreement was reduced to writing, it was competent to prove that they had adjusted their matters so as to dispense with any further accounting, and so as to create a liability of the defendant at law for the payment of the amount which should become due the plaintiff pursuant to such adjusting contract.

The fact so found by the jury being permitted by the evidence, the recovery was justified for the amount ascertained, which the defendant undertook to pay the plaintiff.

All concur.

Judgment affirmed.