### ESDAILE *v.* WUYTACK.

*(City of New York, General Term.   October 8, 1890.)*

PARTNERSHIP—ACCOUNTING—ACTION AT LAW.

    A complaint alleged that a copartnership existing between plaintiff and defendant was dissolved by mutual consent, all partnership property being equally divided, in consideration of which it was agreed that all outstanding partnership liabilities be borne equally between them; that there was an outstanding note and a few trifling debts, all of which plaintiff paid, and judgment was prayed against defendant for his half of the obligations so paid. The answer alleged that the proceeds of the note were applied to plaintiff's individual use. *Held,* that the action did not involve the co-partnership accounts of the parties, but was strictly an action at law.

Appeal from trial term.

Action by Charles J. Esdaile against Andrew J. Wuytack. The complaint alleges that the plaintiff and defendant were copartners up to December 1, 1889, when the copartnership was dissolved by mutual consent, all partnership assets and property being equally divided between them, in consideration of which it was at the same time agreed that all copartnership liability then outstanding and existing should at its maturity be borne and paid equally between them; that there was an outstanding note of $500, and a few little debts aggregating $25, all of which the plaintiff paid, and the plaintiff demands judgment against the defendant for his half of the obligations paid, to-wit, $262.50. The defendant interposed an answer, admitting the partnership, its dissolution, and alleging that the proceeds of the $500 note were applied to the plaintiff's individual use, and not to any partnership account of the parties. The trial judge dismissed the complaint on the ground that the action involved the copartnership accounts of the parties, that an action at law would not lie, and that the court had no jurisdiction of the subject-matter of the action. The plaintiff appeals.

Argued before McADAM, C. J., and EHRLICH, J.

*Harrison & Langdon,* for appellant.   *E. Hall,* for respondent.

PER CURIAM. The action did not involve the investigation or settlement of the copartnership affairs or accounts of the parties. The partners had dissolved their copartnership relation, divided their assets and property, and, for all that appears to the contrary, the claims paid by the plaintiff effectually and forever closed the partnership business. There was nothing to collect, and the only thing left open was the payment of the partnership obligations paid

by the plaintiff, one-half of which the defendant was bound to contribute. It is an action of which a court of equity would not have jurisdiction, and the plaintiff must find his remedy in a court of law or he is remediless. Equity does not invite suits between partners, and entertains them only where an accounting is necessary, or some equitable relief required. In *Jepsen* v. *Beck*, 78 Cal. 540, 21 Pac. Rep. 184, the court held that, where a partnership is dissolved by mutual consent, and an accounting is had between the members, and an agreement is entered into that the firm debts shall be paid equally, one of the partners, who collects all the available partnership assets, and applies them to the payment of the firm indebtedness, and pays the balance with his own funds, may maintain an action against the other to recover his proportion of the indebtedness so paid, although no definite balance has been agreed upon between them. The rule is well settled that one partner cannot maintain an action against another to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of the affairs of the concern, by discharging its liabilities, collecting its assets, and definitely ascertaining the surplus, to a share of which he is entitled. The reasons for this rule have been variously stated, but this case, as we view it, is not within any of them. The complaint shows, inferentially, at least, that there are no outstanding demands against the partnership, and no outstanding debts to be collected, or that can be collected, so that the judgment to be rendered herein will be a final settlement between the partners. In *Ferguson* v. *Baker*, 116 N. Y. 257, 22 N. E. Rep. 400, the court held that, although ordinarily one partner may not sue his copartner at law in respect to partnership dealings, if the cause of action is distinct from the partnership accounts, and does not involve their consideration, it is maintainable. In that case the complaint alleged, in substance, that the parties were formerly copartners; that the partnership had been dissolved, and a settlement made; that the defendant had agreed to collect the debts due the firm, amounting to a sum specified, and as soon as collected to pay over to the plaintiff his share, *i. e.*, one-half thereof; that defendant had collected said amount, but had not paid as agreed,—and judgment was demanded for the one-half. It was held that the action was maintainable upon the facts alleged.

There is no rule forbidding one partner from suing another at law, in respect of a debt arising out of a partnership transaction, if the obligation or contract, though relating to the partnership business, is separate and distinct from all other matters in question between the partners, and can be determined without going into the partnership accounts. *Crater* v. *Bininger*, 45 N. Y. 545. In *Wright* v. *Cumpsty*, 41 Pa. St. 102, the plaintiff and defendant dissolved partnership, but, before the formal and public dissolution, the defendant contracted debts in the name of the old firm, which the plaintiff paid, and it was held that the plaintiff might recover the amount, in an action against the defendant, as money paid to his use, no accounting being necessary. In *Johnson* v. *Kelly*, 4 Thomp. & C. 417, the complaint stated that plaintiff and defendant entered into partnership for a year; that by the partnership agreement the plaintiff was to furnish the capital, and the plaintiff and defendant were to share the profits and losses equally, and that a loss accrued at the expiration of the partnership, for one-half of which a money judgment was demanded. It was held on appeal that such a complaint, in an action at law, was not demurrable. So through the books the rule is followed that where the cause of action is distinct from partnership accounts, and does not involve their consideration, nor require their examination, a court of law may proceed with the action.

Viewed in the light of these authorities, the complaint states a cause of action of which this court has jurisdiction. It was error, therefore, to dismiss the complaint, and the judgment entered on such dismissal must be reversed, and a new trial ordered, with costs to the appellant to abide the event.