BARBEAU v. PICOTTE.

(*Supreme Court, General Term, Third Department.* February 4, 1891.)

1. PARTNERSHIP—WHAT CONSTITUTES.
    On entering into partnership with plaintiff in the business of buying and selling horses, defendant agreed to pay plaintiff 35 cents a day for each horse, as his share of the expense for boarding and keeping the horses. *Held,* that plaintiff and defendant were not partners as to the sum so agreed upon by defendant to be paid to plaintiff, and that the fact of their partnership, in buying and selling horses, did not affect defendant's liability as an individual to pay the sum agreed upon for keeping them.

2. IRRESPONSIVE FINDINGS.
    A finding by the referee, unsupported by any allegation in plaintiff's complaint, cannot prejudice the plaintiff in recovering on another finding clearly within the issue, nor can any harm thereby accrue to the defendant.

Action by Joseph Barbeau against Nelson Picotte. Defendant appeals from a judgment for plaintiff, on trial by a referee.

The complaint alleged that from the 5th day of February, 1885, to the 2d day of September, 1887, plaintiff and defendant were copartners in the business of buying and selling horses, and that, at the time of entering into the copartnership, it was agreed that the plaintiff was to furnish stable room and feed and care for the horses bought, and that the defendant was to pay the plaintiff therefor 35 cents per day for each horse; and alleged that keeping of horses under such agreement amounted to $1,383.45, which plaintiff has demanded, and the defendant refused to pay, and demands judgment for that sum. The answer admits the formation of the partnership, and that the business was conducted by the parties as copartners, and that by the terms of the copartnership plaintiff was to furnish stabling and keeping for the horses of the firm, and was to receive 35 cents per day for each horse kept until September, 1886, when it alleges a change of the terms of the agreement, by which the plaintiff was to receive from that time 50 cents per day for such keeping and attention, but denies that the defendant agreed to pay plaintiff for the keeping, and alleges that the keeping was to be one of the expenses of the firm, alleges settlements and balances struck at various times, and that the plaintiff is indebted to the defendant, and claims judgment for a balance in his favor. The reply takes issue with the affirmative allegations of claims in the answer. At the commencement of the trial the defendant made the point that the action cannot be maintained as an action at law, as it necessarily involves an accounting between the partners of their partnership accounts. Plaintiff states that the account of the partnership will not be inquired into, and that the only issue is whether the plaintiff is to be allowed 70 or 35 cents per day for keeping the horses. No ruling seems to have been made by the referee at the time upon the defendant's motion.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Henry L. Strong, (Isaac Lawson,* of counsel,) for appellant. *H. L. Washburn, Jr.,* for respondent.

MAYHAM, J.  The appellant's main contention is that the subject-matter of this action was a partnership transaction involving an accounting between partners, and that, as no accounting was asked for, and the action was prosecuted purely as an action at law, the plaintiff could not recover on that form. Neither the complaint nor answer necessarily shows that an accounting between the parties as copartners is required or expected in this action, nor do the pleadings on either side ask for an accounting as such; but it is insisted by the appellant that, as the claim arose out of alleged copartnership transactions, and related to partnership property, the accounts of the copartners were necessarily and unavoidably involved in the case. The theory upon which the action was brought was that the defendant should pay the plaintiff a certain *per diem* allowance for each day that the plaintiff kept, cared for, and fed the horses bought and owned by the plaintiff and defendant as partners. If the transaction between the parties will bear that interpretation, then the rule that one partner cannot sue and recover of his copartner in an action at law, on partnership accounts, has no application.  "There is no rule forbidding one partner to sue another at law in respect to a debt arising out of a partnership transaction. If the obligation or contract, though relating to partnership business, is separate and distinct from all other matters in question between the partners, and can be determined without inquiring into the partnership accounts, an action will lie by one partner against his copartner." *Crater* v. *Bininger,* 45 N. Y. 548, 549.  The referee, in his sixth finding of fact, finds "that at the time of entering into the copartnership it was, among other things, mutually agreed upon, by and between the said plaintiff and said defendant, that said plaintiff was to furnish stable room, feed, bedding, care, and attention for the horses which might be bought in the course of such business, and that the defendant was to pay such plaintiff therefor the sum of thirty-five cents per day, for each horse, as and for such defendant's share of the expense of such stable room, feed, bedding, care, and attention." If this finding was sustained by the evidence, (and there was clearly evidence enough to uphold the same,) then, as to the keeping of these horses, the plaintiff and defendant were not partners as to that branch of the business; their partnership was severed. There was no community of interest between them as to the actual cost of the keeping by the plaintiff. He was to keep them for 35 cents a day. So far as the defendant was concerned, even if by so doing he was not fully compensated, and suffered loss, he, and he alone, would be the loser; and so, on the contrary, if the agreed price was more than it was worth, the gain would be his, and not that of the firm. As to this item of keeping, there would be none of the elements of partnership, nor would it be necessary to investigate the partnership accounts, to determine the amount due him from the defendant for keeping the horses; the only inquiry necessary would be as to the number of days for which he furnished keeping. It is doubtless true that, unless there has been a settlement and balance struck between partners as to their partnership accounts, one partner cannot maintain an action at law to recover a balance due him on the partnership matters, and in that manner effect a division of the assets. *Arnold* v. *Arnold,* 90 N. Y. 583.  But where, as we have seen in this case, the amount claimed is not part of the partnership assets, but is an individual demand due one partner from the other, no such divisibility exists.  In *Ferguson* v. *Baker,* 116 N. Y. 257, 22 N. E. Rep. 400, it was held that, although ordinarily one partner may not sue his copartner at law in respect to partnership dealings, if the cause of action is distinct from the partnership accounts, and does not involve their consideration, it is maintainable.  In that case the plaintiff and defendant had been copartners, and dissolved and settled, and one of the part-

ners took the accounts due the firm, and agreed to collect the same, and pay over one-half to the plaintiff, and, failing to do so, it was held that an action at law would lie to recover the same. This decision was put upon the ground that it was an agreement by one partner to pay the other a specific sum, and that an action upon that agreement did not involve an examination into the partnership transactions. That is true of the case at bar, upon the findings of the referee above quoted.

But it is urged by the counsel for the appellant that the seventh finding of the referee is not consistent with the sixth finding above referred to, and in that finding he found that the firm agreed to pay the plaintiff 70 cents per day for keeping each horse kept by him for the firm, and that there is no allegation in the complaint upon which such finding can be based. There is no allegation in the complaint seeking to charge the firm with 70 cents per day for keeping these horses, nor is there any allegation under which the general business of the firm could be inquired into and adjusted, and, if the seventh finding of fact by the referee was the only one upon which a recovery could be predicated in this action, there might be grave doubt whether the allegations of the complaint would be supported by the proof so as to justify a recovery. While the distinctions which formerly existed between actions at law and suits in equity are so far abolished that the pleader need not declare that he complains in either, and if his complaint is so formed that it contains a cause of action which is established by the proof, he may recover, and for that purpose he may so form his complaint as to present the double aspect, so as to entitle him to either legal or equitable relief. *Stevens* v. *Mayor, etc.*, 84 N. Y. 305. *Wheelock* v. *Lee*, 74 N. Y. 500. But in every case the judgment sought must be warranted by the facts stated. The question in each case is, ought the plaintiff to recover under the pleadings upon the facts proved? *Dobson* v. *Pearce*, 12 N. Y. 156. Has the plaintiff, according to the whole law of the land applicable to the case, made out the right which he seeks to establish? *Crary* v. *Goodman*, 12 N. Y. 266. But if the complaint of the plaintiff upon which issue is taken warrants legal relief only, the plaintiff cannot have equitable relief upon the evidence. He must bring his proof within the allegations of his complaint. *Salter* v. *Ham*, 31 N. Y. 321; *Bradley* v. *Aldrich*, 40 N. Y. 504; *Stevens* v. *Mayor, etc.*, 84 N. Y. 305. But in this case, as we have seen, the plaintiff proved, and the referee has found, that there was an agreement on the part of the plaintiff to pay defendant 35 cents per day for keeping the horses. Such a contract, if made, creates a legal liability; and in an action at law, with a complaint alleging a breach of that contract, and demanding judgment for the amount of the agreed price, no reason is perceived why a recovery could not be had upon proving the contract and breach. No harm can come to the defendant from a finding which is not within the issue, when the recovery is predicated upon proof clearly within the letter and spirit of the complaint. There is a cause of action alleged in the complaint, and there is evidence and a finding by the referee to support that allegation, and that there was, within the requirements of section 275 of the Code of Procedure, a cause of action established "consistent with the case made by the complaint, and embraced within the issue." The complaint asks for legal relief, and the referee has found that the evidence entitles him to that kind of judgment, and thus the requirements of law seem to be answered. The plaintiff and defendant not being partners as to the sum agreed by the defendant to be paid plaintiff by him for keeping the horses, the claim was a proper subject of an action, and the fact that, as to the business of buying and selling horses, the parties were partners, did not affect the defendant's liability to pay the sum which he as an individual agreed to pay the plaintiff as an individual for keeping the horses. This view does not conflict with the decision of this court in *Belanger* v. *Dana*, 4 N. Y. Supp. 776. In that case the parties divided all but the debt due the firm, of $400, which it

was agreed should, when collected, be applied in payment of their joint notes. This debt was paid to the defendant, Dana, who sent it to the bank which held the joint notes, but one-half was applied to the individual note of the defendant, who, with full knowledge of the misapplication of the money, adopted the wrongful application, which was held to be a wrongful conversion or misappropriation of the money to his use, which was a conversion by him as a partner of the partnership fund. The plaintiff sued at law for the money, claiming that, the partnership being ended, this fund was eliminated from the partnership relation, and could be recovered by one partner of the other at law; but the county court held that it had never ceased to be partnership property, and that an action at law did not lie for its recovery, and held that in respect to the transaction in question, before an action at law, as distinguished from an action in equity, can be maintained, the partnership relations must have fully ceased. "In other words, the transaction must either never have been part of, or must have been completely separated from, the partnership affairs, in order to form a separate cause of action at law." It will be seen that the distinction between that case and this is that the subject-matter of that action was partnership money, and in this it was from the first but a claim by one party against another upon an individual, and not a partnership, claim. We think the rulings and determination of the referee were right, and that the exceptions to his report were not well taken, and that the judgment should be affirmed. Judgment affirmed, with costs.

　All concur.