### GRAY v. BLISS.

*(City Court of New York, General Term. May 25, 1892.)*

PAROL EVIDENCE—AGREEMENT TO "ACCOUNT."

　Parol evidence is admissible to show that at the time of a written agreement by defendant to account for a claim assigned to him by plaintiff, to be used as a counterclaim against one G., it was agreed that defendant should be allowed all costs and disbursements in defending the action brought against him by G.

Appeal from trial term.

Action by Robert J. Gray against Charles H. Bliss. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before NEWBURGHER and McCARTHY, JJ.

*Olin, Rives & Montgomery,* for appellant. *Miller & Miller,* for respondent.

NEWBURGHER, J. In 1882 defendant was indebted to Galland & Co., contractors, for some work done in the erection of a building. The plaintiff was

a subcontractor, and had a claim against Galland for $834.20. Plaintiff assigned his claim to the defendant, to be used by defendant as a counterclaim in a suit brought by Galland against defendant herein. At the time of this assignment the defendant by his attorney delivered to plaintiff a writing wherein he agreed to "account to plaintiff for the claim assigned to him, if he recovered the same, or have the same allowed in the suit of Galland against him." An action was brought by Galland against Bliss. Bliss set up, as a counterclaim, the claim of Gray, which had been assigned to him. On the trial Galland recovered judgment for $1,100, less $400, with interest. The present action is brought by Gray to recover $400, with interest. The answer admitted all the allegations of the complaint, but set up as a defense that it was agreed between plaintiff and defendant at the time of making the agreement set up in the complaint that the defendant was to resist the enforcement of Galland's claim against him, with the view of protecting Gray's claim against Galland, and that the assignment of said claim to defendant was upon the understanding and agreement that the cost of defending the action to be brought by Galland was to be borne by Gray, and that the costs of the action paid to Galland, with a reasonable counsel fee, should be deducted from the amount of plaintiff's claim. On the trial of the action defendant called his attorney as a witness, and asked him a number of questions tending to show that at the time of the assignment from plaintiff to defendant, and the agreement from defendant to plaintiff to account for all moneys collected under such assignment, there was a further agreement that defendant should be allowed all the counsel fees, costs, and disbursements incurred by him, and the amount of such counsel fees, costs, and disbursements so incurred. To all such questions plaintiff objected, on the ground that, this action having been brought on written contracts, no parol evidence can be introduced to change or vary them. The objections were sustained, to which defendant excepted. The contract between plaintiff and defendant was that defendant should account to plaintiff for all moneys received by him from Galland. The agreement to account was not an agreement to pay, as the trial justice seems to have held, but was an obligation on part of the defendant to render the plaintiff a statement or record of financial or pecuniary transactions, with their debits or credits, or of money received and paid, and the balance on hand or due. The agreement did and was intended to do no more than to require defendant to render a proper statement of all moneys received by reason of the assignment from plaintiff. The contention of the defendant that he was to be allowed counsel fees, costs, and disbursements may properly have been the subject of oral contract between them, contemporaneously with the writing and independently of it. *Ferguson* v. *Baker*, 116 N. Y. 257, 22 N. E. Rep. 400; *Dodge* v. *Zimmer*, 110 N. Y. 43, 17 N. E. Rep. 399. The trial justice therefore erred in excluding the testimony offered. For the reasons stated the judgment should be reversed, and a new trial ordered, with costs to abide event.