ROSENFELD v. MARCUS.

(Supreme Court, Appellate Term. October, 1901.)

PARTNERSHIP—ACCOUNTING—JURISDICTION.

Where one partner sued another upon a note given for an advance of money not connected with the partnership business, a defense involving an inquiry as to whether plaintiff did not, after maturity of the note, receive enough from the partnership business to reimburse him, required an investigation of partnership accounts appropriate to an equitable accounting, and not properly cognizable in an action upon a negotiable instrument in a justice's court.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by William S. Rosenfeld against Solomon Marcus. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Charles L. Greenhall, for appellant.

Rose & Putzel, for respondent.

McADAM, J.    The plaintiff and the defendant entered into a joint transaction as partners for the purchase and management of a certain piece of real estate at 7th avenue and 111th street in the borough of Manhattan.    By the agreement, the plaintiff was actively to manage the property, and out of the income pay current expenses, interest on mortgages, taxes, and the like.    In January, 1901, $1,500, the semiannual interest on the first mortgage, became due, and payment was required.    The plaintiff did not have in his hands a sufficient amount to pay this interest, and notified the defendant of his unwillingness to advance the money.    The defendant then agreed that, if the plaintiff would advance the $1,500 out of his own funds, the defendant would contribute half of it by giving to the plaintiff his two notes at three and six months, respectively, for $375 each.    The defendant consummated the arrangement by giving the notes, and on the same day the plaintiff paid the $1,500 interest to the mortgagee.    The first of the notes was paid at maturity.    The present action is on the second.    The defendant contends that the note was made and delivered without consideration, and pleaded that the two notes were obtained by the fraudulent representation of the plaintiff that he had not sufficient funds to pay the current expenses of running the property, when in fact he had ample funds on hand to do so; and demanded judgment for the $375, the amount of the first note paid.    The trial judge found that the plaintiff's statement as to the condition of the joint account when the notes were given was correct, and that the notes were, therefore, given for a full and valid consideration.    The attempted inquiry as to whether the plaintiff did not afterwards receive enough to reimburse him required an investigation into the partnership accounts concerning profits and losses in order to reach a result and strike a balance due from one partner to the other, and the relief required was more appropriate to an equitable accounting than to a defense in a justice's court action upon a negotiable instrument representing an advance of money, independent of partnership profits or losses, and not requiring their consideration.    Ferguson v. Baker, 116 N. Y. 257, 22 N. E. 400; Esdaile v. Wuytack (City Ct. N. Y.) 11 N. Y. Supp. 421.    We find no error, and the judgment must be affirmed, with costs.

Judgment affirmed, with costs.    All concur.