## SILVERMAN v. KOGUT.

(Supreme Court, Appellate Term, First Department.   November 13, 1913.)

1. **PARTNERSHIP (§ 311\*)—DISSOLUTION—RIGHT OF LIQUIDATING PARTNER TO CONTRIBUTION.**

   Plaintiff and defendant, by an agreement dissolving a partnership between them, provided that plaintiff should assume certain liabilities and collect all outstanding accounts, that defendant should pay one-half of any loss or deficiency sustained on the collection of such accounts, but that he should not be liable on the S. & M. account beyond the sum of $100. A suit was then pending on that account, in which S. & M. had interposed a counterclaim, on which they subsequently recovered judgment for $550. *Held*, that defendant was not liable to plaintiff for his proportionate share of the judgment and expenses of the litigation beyond the sum of $100.

   [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 718–725; Dec. Dig. § 311.\*]

2. **PARTNERSHIP (§ 311\*)—RIGHT OF ACTION BETWEEN PARTNERS.**

   Where a partnership has been dissolved, and the dissolution agreement, in addition to containing an account stated, provides for specific contributions or for liquidated damages as to certain matters, either partner may sue the other thereon, provided no question of partnership accounting is involved.

   [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 718–725; Dec. Dig. § 311.\*]

3. **PARTNERSHIP (§ 311\*)—DISSOLUTION—DIVISION OF ASSETS AND CONTRIBUTION TO LOSSES.**

   On a dissolution, partners may, as between themselves, limit their liability to contribute to firm losses, as well as their right to profit by firm collections.

   [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 718–725; Dec. Dig. § 311.\*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Louis Silverman against Alexander Kogut. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for appellant.

Joseph Wilkenfeld, of New York City, for respondent.

GUY, J. [1] The action was brought to recover money paid, laid out, and expended on behalf of defendant. The parties had been partners from March, 1910, to October 18, 1912, when they dissolved partnership. The dissolution agreement constituted plaintiff the liquidating partner. All interest in the business was assigned to plaintiff. He agreed to assume and pay certain scheduled partnership liabilities without contribution by the defendant. Plaintiff also agreed to collect the outstanding accounts, and defendant agreed to pay one-half of any loss or deficiency sustained on the collection of the out-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

standing accounts or any part thereof. By a separate clause defendant was not to be liable on the Schneider & Maletsky account beyond the sum of $100. At the time of the dissolution there was a firm action pending against Schneider & Maletsky to recover $100, in which the latter had interposed a counterclaim for $500. After the dissolution the action of Silverman & Kogut v. Schneider & Maletsky was tried, resulting in judgments in Schneider & Maletsky's favor for $555, whch plaintiff satisfied. Plaintiff, in addition, paid counsel fees, stenographer's fees, marshal's fees, and surety company fees. He now seeks to compel defendant to pay his proportionate share of said moneys expended by him. Defendant claims that plaintiff conducted said action negligently, but the proof on the issue of negligence is insufficient to support a finding either way.

[2] Where a partnership has been dissolved, and the dissolution agreement, in addition to containing an account stated, provides in effect for specific contributions or for liquidated damages as to certain matters, either partner may sue the other thereon, provided no question of partnership accounting is involved. Brown v. Spohr, 180 N. Y. 202, 213, 214, 73 N. E. 14; Ferguson v. Baker, 116 N. Y. 257, 261, 22 N. E. 400.

[3] On a dissolution, partners may, as between themselves, limit their liability to contribute to firm losses as well as to profit by firm collections. This was done herein as to the Schneider & Maletsky account, to which defendant's liability to contribute was limited to $100.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.