FARMERS STATE BANK OF BRANTFORD, Appellant, v. A. BERGLUND, Respondent.

(198 N. W. 123.)

**Attachment — moving papers failing to allege that person sought to be examined as to property judgment debtor in his possession has such property, insufficient.**

Where, in a proceeding brought under § 7551, Comp. Laws, 1913, for the purpose of compelling a third person, who has not made a certificate upon demand as provided therein, to appear and testify under oath as to any property in his possession or under his control belonging to the judgment debtor, the moving papers, upon which the application to the trial court for an order directing such person to appear for examination is based, do not allege, either positively or on information and belief, that the person sought to be brought in has property in his possession or under his control belonging to the defendant, or had such possession at the time of the demand, it is not error to refuse, upon objection by the person brought in, to require or compel such an examination.

Opinion filed March 26, 1924.

Attachment, 6 C. J. § 282a p. 161 n. 40 New.

Appeal from District Court, Foster County, N. D., *Jansonious,* J. Affirmed.

*Hoopes & Lanier,* for appellant.

It is not always possible to give notice to the defendant in execution or attachment that the writ has been issued against, and if notice were essential, the defendant might prevent a levy by keeping out of reach

of the officer. The statute in the several jurisdictions therefore seem to have left to the defendants against whom execution or attachment on land have been issued, the duty of taking notice of the fact, it being said that in the event of abuse by the officer, or of collusion with the plaintiff or others, the courts can give redress by virtue of the control they possess over the execution of their process. Citing leading cases. 17 R. C. L. 96; Ayers v. Campbell, 9 Iowa, 213, 74 Am. Dec. 346; Duncan v. Notuey, 29 Mo. 368, 77 Am. Dec. 575.

In the case of Ayers v. Campbell the court said: "The law leaves him (the defendant) to ascertain these things at his peril, assuming that he will know where a judgment is recovered against him, and will take notice of what will follow thereon."

The lien of attachment is effectual from the time such levy is made. Ireland v. Adair, 12 N. D. 31.

Some statutes prescribe that a levy upon such personalty is to be made by delivering a copy of the writ or order with a notice specifying the property attached to the person holding the same, or to his authorized agent. 4 Cyc. 589.

"It is not necessary that the notice should specify particularly the property or debts supposed to be in the possession of or owing by the individual served, and the general notice by the officer that he attacks all property, debts, etc., belonging or owing to the defendant in the suit in the possession or under the control of individual served is sufficient." O'Brien v. Ins. Co. 56 N. Y. 52; Carter v. Koshland, 12 Or. 492.

Some statutes prescribe that a levy upon such personalty is to be made by delivering a copy of the writ with a notice specifying the property attached to the person holding the same, or to his authorized agent. 6 C. J. 228; Marps v. Shaup, 181 U. S. 562.

In 17 R. C. L. 221, the rule as to the effect of the sheriff's failure to make return within time provided by statute is laid down as follows: Neither of the parties to a suit can be deprived of the benefit of a return on a writ of execution by the officer's neglect or failure to return by the return day. Clerk v. Foxcraft, 6 Greene (Me.) 296, 20 Am. Dec. 309; Rowe v. Hardy, 97 Va. 674, 75 Am. St. Rep. 811.

In the case of Rowe v. Hardy, 75 Am. St. Rep. 815, supra, the court said:

Neither of the parties can be deprived of the return by his neglect,

or failure to return the writ by the return day, and the court in which the judgment was obtained upon which the execution was issued, may, if the writ be not returned in due time, award a rule against the officer to return it, and if he do not obey the rule, compel him to make his return upon the writ and to return it by attaching and fining him for contempt. 2 Bouvier's Law Dict. 919; Crocker, Sheriffs, § 40; State v. Buckley, 61 Conn. 363; People v. Everest, 4 Hill, 71.

The note under Young v. Smith, 75 Am. Dec. p. 83 says: "And the common-law rule allowing the officer who levies on personal property to sell it after the return day without a writ of venditioni exporas is the law in this country. Citing Logston v. Spinery, 54 Ill. 104; Barnard v. Stevens, 16 Am. Dec. 733; Lester Case, 23 Tenn. 384; Evans v. Barnes, 32 Tenn. 293.

And a sheriff who has levied upon personal property may sell it after the return of the writ even if he goes out of office. Odin v. Perkins, 18 Tenn. 329; Holmes v. McIndoe, 20 Wis. 669.

One ground on which the decision rests and allowing the sheriff to sell personal property after the return day where he has levied upon it before, is that the authority to levy on and sell property is entire and that he who begins the execution may finish it. Lester Case, 23 Tenn. 383.

*C. B. Craven,* for respondent.

It is sometimes required by statute that the officer making the levy shall give written notice thereof to defendant or to the person in possession of the property, or to some other person or persons designated by the statute, and such provisions when they exist must be complied with. 6 C. J. p. 221, § 426. See also cases cited under note 32.

The execution may be made returnable at any time not less than ten nor more than sixty days after its receipt by the sheriff to the clerk with whom the judgment roll is filed. Kerr's Code Civ. Proc. Cal. § 683.

It is not a sufficient levy of an execution on personal property for the officer to indorse an inventory of the property on an execution in the presence of the judgment debtor, but the officer must perform some act which not only indicates an intention to seize the property, but he must reduce it to possession, or at least bring it within his immediate control, a mere pen and ink levy will not be sufficient, he must

do some act, which if not protected by his writ would make him a trespasser. Auby v. Rathbun (S. D.) 78 N. W. 952.

JOHNSON, J. The facts necessary to an understanding of the issues on this appeal are as follows: On the 13th day of February, 1922, judgment by default was entered in behalf of the plaintiff and against the defendant in the district court of Foster county in an action brought upon a promissory note executed by the defendant to the plaintiff. Thereafter, on the 30th day of July, 1923, an execution was issued and on that day delivered to the sheriff, commanding him to satisfy the judgment out of any personal property belonging to the judgment debtor in the county, and, if such personal property prove insufficient, out of the real property of the debtor; the sheriff who also in such execution directed to return the same within sixty days to the clerk of the district court of Foster county. On the 7th of August, 1923, the sheriff delivered to C. B. Craven a notice to the effect that on that day he attached all personal property and real estate belonging to the judgment debtor in the possession of the said Craven. On the same day a notice of levy was served upon the judgment debtor advising him that the sheriff had on that day levied upon "all personal property, chattels, etc. and real estate belonging to A. Berglund and held in your possession." Thereafter, on the 15th day of October, 1923, a notice was served on C. B. Craven "individually and as attorney for defendant" in the following language:

"Take notice that demand is hereby made of you to disclose any and all property of any kind whatsoever which you have in your possession or which you had in your possession at the time of levy of execution in this case, belonging to defendant A. Berglund. You will please make certificate as required by law in such cases."

Thereafter, on the first day of November, 1923, the said Craven, not having made any certificate as demanded, the attorney for the plaintiff applied to the Judge of the district court of Foster county for an order requiring C. B. Craven to appear for examination under oath, pursuant to the provisions of § 7551, Comp. Laws, 1913, as a person holding property of the defendant; on that day the court made an order citing the said Craven to appear in person on October 28, 1923, to answer under oath questions propounded to him pursuant to

the provisions of §§ 7720 and 7751, Comp. Laws, 1913. Craven appeared, pursuant to the order, and "demurred to the proceeding." The demurrer is not made a part of the record on appeal. The court sustained the demurrer and Craven was not required to answer any questions. According to the memorandum opinion, the trial court held that the execution, not having been returned within sixty days, was functus officio and also that the statutes of the state were not complied with in this, that a proper notice of levy was not served upon the judgment debtor. The court, accordingly, made its order denying the application, and from this order the judgment creditor prosecutes this appeal.

In the so called notice of levy served upon C. B. Craven, aforesaid, no property is described, nor is it alleged therein that there is any property of any character in the possession of Craven; in the return made by the sheriff, there is no allegation or statement to the effect that Craven ever had any property in his possession, belonging to the defendant, or that the sheriff believes or has reason to believe that he ever had any such property. In the affidavit of the attorney for the judgment creditor, appellant herein, made and used in support of the application to the trial court for an order requiring Craven to answer questions, as heretofore stated, there is no allegation or statement that Craven has or ever had in his possession any property belonging to the defendant, or that the affiant 'believes or has reason to believe that Craven has or ever had any such property in his possession or under his control. In the demand served upon said Craven by the sheriff on the 15th of October, heretofore referred to, there is no such allegation or statement. In short, there is no allegation or statement in any paper or document in the record, pertaining to the attachment proceedings, in which it is alleged that Craven has, or ever had, or that any person believes, or has reason to believe, he has or ever had any property in his possession or under his control belonging to the judgment debtor. Craven says he is not now and never was attorney for the judgment debtor. He says he appears as *amicus curiæ*.

The proceeding is brought primarily under § 7551, Comp. Laws, 1913, altho § 7720 is also referred to in the affidavit in support of the application for the order for examination. Section 7551 reads as follows:

"Upon the application of the sheriff, holding a warrant of attach-

ment, the president or other head of a corporation, or the secretary, cashier or managing agent thereof, or a debtor of the defendant, or a person holding property, including a bond, promissory note or other instrument for the payment of money belonging to the defendant, must furnish to the sheriff a certificate under his hand, specifying the rights or number of shares of the defendant in the stock of the corporation with all dividends declared or incumbrances thereon; or the amount, nature and description of the property held for the benefit of the defendant, or of the defendant's interest in property so held, or of the debt or demand owing to the defendant, as the case requires. If such officer, debtor or individual refuses to furnish such certificate, or if it is made to appear by affidavit or otherwise to the satisfaction of the court or judge thereof, that there is reason to suspect that any certificate given by him is untrue or that it fails to set forth fully the facts required to be shown thereby, he may be required by order of the court or judge to attend before him and be examined on oath concerning the same and obedience to such order may be enforced by proceedings as for a contempt."

This case was tried and presented in this court on the theory that § 7551, supra, was applicable in proceedings on execution, although this statute refers expressly to proceedings in attachment. We have grave doubts as to the propriety of the use of the remedy provided in this section, under the facts in this case. Inasmuch as both sides, both in the trial court and on this appeal, have assumed that the remedy provided in this section is available in execution proceedings, we shall dispose of the case on that theory.

It is clear that the legislature intended, by this provision, to enable a judgment creditor to obtain a certified statement from the official head of a corporation, or from a person holding property belonging to the debtor; it was, we believe, the intention of the legislature to give the court the power to require such a person to be examined under oath concerning the same in case the certificate were not issued on demand, or were insufficient or inaccurate as to the facts. We are satisfied, however, that this statute does not authorize the sheriff to make wholesale demands of this sort on any person or persons his fancy may suggest, regardless of whether or not such persons ever had

or are believed to have property in their possession or under their control subject to attachment and belonging to the judgment debtor. We are satisfied that before the judgment creditor was entitled to an order from the trial court requiring Craven to appear and be examined under oath, some showing should have been made by the judgment creditor indicating either that the person sought to be brought in had property of the judgment debtor in his possession or under his control, at the time demand was made for the certificate, or that the judgment creditor believes, or has reason to believe, that he had such property in his possession or under his control. We do not hold that the application or the moving papers must be drawn with the technical accuracy and completeness of pleadings in a civil action; what we do nold is that there must be a prima facie showing, under this statute, upon the face of the moving papers that the proceeding is not purely speculative and idly inquisitorial, before the trial court is authorized to order individuals to appear before it for examination under oath with respect to property belonging to the judgment debtor. It is not intended by this statute to authorize the sheriff and the trial court to institute dragnet proceedings by which individuals may be hailed into court by the simple device of serving a demand upon them without, at the same time, making an appropriate allegation in the moving papers before the court that the applicant, or some one properly acting in his behalf, believes, or has reason to believe, that the person to be brought in had some property of the judgment debtor, subject to execution, in his possession or under his control at the time of the demand. In Hong Kong & S. Bkg. Corp. v. Campbell, 35 N. Y. S. R. 637, 13 N. Y. Supp. 122, referring to proceedings under a statute substantially like § 7751, the court says:

"The proceeding is collateral and despotic, inasmuch as the person proceeded against, when the statute is enforced, is to be interrogated about the claim, subject to all the machinery of the law in that regard in a proceeding in which he is neither plaintiff nor defendant, but in which his examination can be used against him."

The application was clearly insufficient and the court properly refused to order or permit an examination when the person sought to be examined objected thereto. It is true that the court assigns other reasons for its ruling. It is not necessary to inquire into the legal

questions suggested by the grounds on which the trial court puts its decision. The application was insufficient and, for reasons heretofore stated, the action of the trial court was clearly correct.

The judgment of the trial court is affirmed.

BRONSON, Ch. J., and NUESSLE, and CHRISTIANSON, JJ., concur.

Mr. Justice BIRDZELL did not participate.