### LEDERER v. GARAGE EQUIPMENT MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. May 2, 1916.)

#### No. 2329.

1. PATENTS &⇒328—VALIDITY AND INFRINGEMENT—AUTOMOBILE BUMPER.
   The Lederer patent, No. 1,035,610, for an automobile bumper, *held* not anticipated, valid, and infringed.

2. PATENTS &⇒324(5)—APPEAL—REVIEW.
   On appeal from an interlocutory order granting an injunction against infringement of a patent, the Circuit Court of Appeals cannot consider questions of accounting, which can only be reviewed on appeal from the final decree.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 606; Dec. Dig. &⇒324(5).]

Appeal from the District Court of the United States for the Eastern District of Wisconsin; Ferdinand A. Geiger, Judge.

Suit in equity by Friederich Lederer against the Garage Equipment Manufacturing Company. Decree for complainant, and defendant appeals. Affirmed.

The following is the opinion of Geiger, District Judge, in the court below:

This case is not unlike others in this respect: There is quite a large prior art in a general sense—that is to say, an automobile bumper art; and I believe that the patent here must be considered in the light of this further fact, that it is an art which has had rather a rapid development. The patents to which reference has been made—seven or eight—have all been granted, naturally, within the recent years of automobile development. Now, a striking feature about the art, as exhibited in defendant's proofs, is that apparently from an early date in the recent years of the automobile growth the matter of bumpers has received attention; and practically all of these prior art patents have three things in common, the round bar, the supporting arm, and the connection, which latter in most cases consisted either of the close

and permanently fitting collar, or one adjustable through the means of a set screw. Taking all these patents together, and using them as the courts have said as a background against which this patent in suit is to be thrown, it stands out as distinctive the defenses against these four claims—two of which relate to the buffer bar equipment as a whole, and the other two more particularly to the supporting arms, and the connection—are noninvention, because of the state of the art, anticipation by the defendant's prior manufacture, and noninfringement.

Without very much discussion, I feel that the court is bound to give to all of these prior art patents the presumption of validity; that to say, they are exhibited here as recognition by the government of the various steps of the art, and many of them have features similar to this device here in suit. But they have been accorded invention. Now, it being the fact that the physical make-up of the Lederer device is distinctive from all of these prior patents in the particulars mentioned, principally the use of the channel bar, the flange, and the adjustable clamping connection, as well as the supporting arms and use of the spring, the last-named element being under some coactive relation to the connection, it seems like saying a great deal in that situation to conclude that the field of invention had been entirely explored when Lederer entered; that there was no room for invention in the automobile bumper art; that whatever else is to be added to the art as shown in these patents, had to be added by mere mechanical skill. I do not think that conclusion can be reached at all. These prior patents are exhibited, not as anticipations. In answer to the general proposition that there was no more room for invention, the fact that this patent, in respect to these four claims, was granted by the government, apparently without question, I think shows rather persuasively that the Patent Office was entirely willing to recognize the distinctiveness of the step taken by Lederer, as compared with the steps taken by his predecessors in the art, and, of course, that being so, he is entitled to the full presumption of having invented something.

It may be true that the channel bar was well known—and it was—so was this idea of telescoping members that was found in other arts; but at the same time these men who came into the field, the automobile field, to meet a demand that undoubtedly existed, and exists to-day, for some device that would serve as a bumper, are entitled to the same credit for drawing upon the other arts and bringing into this something that was peculiarly available in this art, that has been accorded to other inventors. He simply chose from his own knowledge of the other arts, and combined something new and useful in the particular art. I do not believe, upon the record here, that the court would be justified in saying there was no invention here, because no possibility of invention. I assume that these prior patents, under the pleading and concession of counsel, must be eliminated as being anticipations. The single proposition is whether, upon the survey of the whole art, the court can say the field of invention was closed at the time Lederer conceived his device. I do not think the conclusion is justified.

This brings us to the next proposition, respecting anticipation of this patent by the defendant's own prior manufacture; and if validity be given to this patent as containing the elements to which I have referred, namely, the channel bar, with the flange and nut connection, as well as the other elements, the supporting bar or bracket, that of itself differentiates the Lederer structure from those which the defendant has manufactured. I do not believe the defendant reached the point that Lederer did until after he came into the field. These catalogues which are exhibited as corroborating evidence of the fact of manufacture, assuming they illustrate what was made, the structures therein disclosed are different from the defendant's as the prior art structures apparently are.

But, even if the defense were to be considered on other grounds, I do not believe the defendant has carried the burden which rests upon it with respect to the degree of certainty of prior manufacture by it of the structure embodied in the Lederer patent. It is not sufficient merely to use witnesses without fixing the time definitely, to show that a device was manufactured at

a certain time without showing some effort to get some of the structures, without showing why those efforts were unavailing. If it be true that the structures which are claimed to anticipate the Lederer structure so precisely that they must defeat his invention were manufactured by the defendant to the extent it says they were manufactured, it is probable that some one could be found who had such a structure. In any event, some effort should be made to find and produce one here in court. It is easy for a witness to go upon the stand, especially an interested witness, and then recall his anticipatory structure and prior use in the light of the patent which is under consideration. It is very easy to forget differences, and equally easy to find resemblances that do not in fact exist. It is done honestly, but under the stress of interest, and to my mind the case here to-day illustrates the wisdom of the rule requiring strict proof in those matters; and I do not believe the defendant has met the case by carrying the burden that rests upon it. No good reason is shown for failing to exhibit one of its structures, which it says were made within so recent a time as four or five years, and in such large numbers as it is averred they were made.

This brings us to the question of infringement. I am satisfied that defendant's structures infringe. As to its admitted structure No. 1, the mere use of a second piece, which is really a flange, or serves the purpose of a flange riveted in, instead of being the channel shape and turned inward, I do not think amounts to anything more than the clearest sort of evasion. The plaintiff here, if his patent has any validity at all, if the Patent Office recognized, as I believe it did, that he made an advance by getting away from the round bar and collar, and introducing the channel and flange as a basis for a clamping connection, his departure from the art is so distinctive that he is entitled to a fair range of equivalency. If he takes the bar and turns it in for the purpose of making a flange, another one who recognizes the merits of the structure cannot make an ordinary channel and then rivet on some flanges. That would be distinctive, but functionally it is as much an equivalent as two things can be.

So, too, with the sliding nut inside. That it seems to me is an evasion which the Lederer structure itself would suggest; but there is nothing in the art which suggests that particular connection of the round nut on the inside, and that other nut to clamp. That, of course, was known in other arts; but Lederer incorporated it into this art, and the defendant here adopted it. It has incorporated it into its structure, and it is fair to presume it did so because of its merit as a departure disclosed by Lederer.

With reference to structure No. 2, that may not be so clearly an infringement; but, the moment the rectangular bar is adopted, the defendant has put itself into a position where it has come to reject the feature distinctive in the prior art, and resorts to what, in effect, is a flange and clamping structure. I said during the course of the taking of the testimony that I did not believe that defendant's structure No. 2 embodied what in strict mechanical terminology is fairly called a flange; but it had all of the flange function and effect just as though, if a man cuts out the side of a box and leaves a portion of the cover of the box, leaves a portion on each side of the rectangle, no one could say he had made a flange, because he had not. He cut out one side of the box, but he left what is a plain equivalent of what he would have had, had be made a channel and then turned over some of the sides; and I think a fair definition and interpretation of claim 9 demands that the use of the rectangular hole in the bar, which is rectangular in cross-section, is an evasion, an attempted evasion, but in reality a clear equivalent of the flange element.

Just one further observation. There was a suggestion made that in defendant's structure No. 1, in the arm, and in connection with the spring, there was an additional advantage resulting from a better adjustability—that is to say, the spring responded more readily, and adjusted itself more readily to varying pressure. Assuming that was intentionally true, and not an incident, it does not really relieve from the charge of infringement. The mere fact of introducing some additional advantage, adding to it, ought not to relieve defendant from the charge of infringement.

235 F.—34

What I have thus observed informally may, in case of appeal, be treated as my opinion in the case. Plaintiff may take decree adjudging his patent valid and infringed.

F. E. Dennett, of Milwaukee, Wis., for appellant.

Arthur L. Morsell and L. O. French, both of Milwaukee, Wis., for appellee.

Before BAKER, MACK, and ALSCHULER, Circuit Judges.

PER CURIAM. [1] This is an appeal from an interlocutory decree finding that claims 9, 10, 11, and 12 of patent No. 1,035,610, granted to appellee on August 13, 1912, for an automobile bumper, are valid and infringed, enjoining appellant from further infringement thereof, and referring the case to a master for an accounting of profits and damages. On the grounds stated by Judge Geiger at the trial, we concur in the findings of fact that the claims in suit are valid and infringed.

[2] Appellant, assigning error on the court's action in striking out a portion of its answer, which denies appellee's right to an accounting of damages in addition to profits, has argued at great length that the statute which authorizes an assessment of damages in an equity suit upon a patent is violative of the Seventh Amendment to the Constitution of the United States. It suffices to say that this appeal is under section 7 of the Court of Appeals Act, section 129 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1134 [Comp. St. 1913, § 1121]), giving us appellate jurisdiction over interlocutory decrees of injunction, and that at this time no question can be considered concerning the rightfulness of any final accounting decree which may hereafter be rendered.

The interlocutory injunctional decree is affirmed.