## O'NATE v. BAHR.*
### No. 6663.

Circuit Court of Appeals, Ninth Circuit.
Aug. 21, 1933.

Joseph T. Curley and Marvin C. Hix, both of San Francisco, Cal., for appellant.

Mathew O. Tobriner and George B. White, both of San Francisco, Cal., for appellee.

Before WILBUR, SAWTELLE and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a final judgment in a suit in equity for an injunction and an accounting based on the alleged infringement of patent No. 1,582,500, issued to the plaintiff, Theodore P. Bahr, for a method of cutting the back of the front seat of an automobile and inserting a hinge joint so that the back of the

*Affirming decree 4 F. Supp. 776.

seat could be lowered to a horizontal position so as to form a bed, together with the seat cushions of the front and back seats.

The bill of complaint alleges that the plaintiff was the owner of the patent in question issued April 27, 1926, and that the defendant had committed acts of infringement. Immediately upon the filing of the complaint, the appellant abandoned the use of the patented device, and there is no finding that after that date he had used the patented method. The bill of complaint fails to allege that notice was given to the defendants or to the public that the plaintiff's device had been patented "either by fixing thereon the word 'patented,' together with the day and year the patent was granted," or "that the defendant was duly notified of the infringement, and continued, after such notice, to make, use, or vend the article so patented." Rev. St. § 4900, 35 US CA § 49; Dunlap v. Schofield, 152 U. S. 244, 14 S. Ct. 576, 38 L. Ed. 426.

The defendant's answer attacked the validity of the patent on the ground of prior public use under various patents named in the answer, but contained no averment with reference to notice or knowledge of the plaintiff's patent. In his opinion (4 F. Supp. 776) the trial judge who heard the case stated that the evidence was presented and the cause argued in less than 30 minutes, and the evidence disclosed that in 1925 (before the patent was issued) the defendant made at least one appliance like that patented, and stated: "Accordingly the court finds for the plaintiff who may have a reference for an accounting if deemed worth while." The interlocutory decree which was rendered May 11, 1928, perpetually enjoined the defendants from further infringement of the patent, and directed that plaintiff recover from the defendants the profits received by the said defendants and the damages sustained by the plaintiff by reason of said defendants' infringement of said letters patent, and that an accounting be had to determine the same; that the cause be referred to Henry L. Corson, as master, "to ascertain such profits and damages and report the same to this court." No appeal was taken from the interlocutory decree. Thereafter an accounting was had before the master, his amended report upon reference was filed with the court November 20, 1930, and excepted to by the appellant, the only defendant who appeared in the case, the exceptions were overruled by the trial court, and the decree against appellant entered for the sum of $1,238.75, with interest from April 26, 1925. This decree was based on a finding "that the said de-

fendant, Andrew O'Nate, in so infringing, has, since April 26, 1925 earned profits amounting to $1,238.75 as found by the master." The master found that the appellant had altered the front seat of 79 automobiles since April 1925; that in so doing he had used a method disclosed in the Schriber car altered by the appellant in 1918, eight years before the appellee's patent was issued, and found that the profit derived therefrom was $1,238.75.

The appellant requested the master to make a finding "as to how plaintiff claims to have marked seats cut down and built up by him and, the words and printed or stamped matter on the labels or notices placed on such seats." Appellant also requested a finding "as to how many cars were cut down by defendant after the date of the patent mentioned in the complaint herein, and how much money was received after that date therefor," and similarly as to how many were altered before the date of the patent. Appellant's eighth request of the master was for a finding or a report of the objections made by him "to any and all testimony as to any claimed profits on the ground that there is no allegation in the complaint of any marking of patented articles or seats or any notice to defendant." In response to this request, the master filed a supplementary report containing, among other things, the following: "That the eighth finding requested is not given because the master believes it is not an issue to be determined by him as not within the issues upon which he was to make and submit his report and findings." The appellant excepted to the report of the master upon 16 grounds. He specified in numerous ways the failure of the master to segregate the item of damages accruing before the issuance of the patent, and after the issuance of the patent. His fifth exception is as follows: "He excepts to said report for the reason that it does not set forth the objection of this defendant to any testimony as to alleged profits made prior to the date of the filing of said bill of complaint, on the ground that profits made, if any, by defendant, prior to the filing of said bill of complaint are not an issue in this case as there is no allegation in such bill of any marking of patented articles or notice to defendant of such patent."

He also excepted to the said report on the ground that it did not show in what manner plaintiff claims to have "marked, or labelled or placed a notice to the effect that a process was patented."

The master's report contains the follow-

ing with reference to notice of the appellee's patent: "Theodore P. Bahr, the plaintiff, testified that he used the process or method, set forth in his patent, for cutting down the front seat of automobiles, so that a bed can be made up for sleeping purposes, and that on every automobile he had cut the front seat down as aforesaid, he had placed a label or notice to the effect that the process or method he used was either patented or in the first instance applied for."

It will be observed that this statement of plaintiff's testimony fails to satisfy the requirements of section 4900 Rev. St., 35 USCA § 49, in that it does not appear therefrom that the label or notice referred to by the witness stated the day or year the patent was granted, nor does it appear therefrom when, for the first time, he attached such a notice. Rev. St. § 4900, 35 USCA § 49, supra; Lorain Steel Co. v. N. Y. Switch & Crossing Co. (C. C.) 153 F. 205. Inasmuch as the master was of opinion that the question of notice was not an issue in the case before him, he made no finding upon the subject and ignored the objections of the appellant as appears from his supplemental report. There was a clear failure to prove before the master any profits realized by the defendant after notice, express or implied, to him of the issuance of the patent.

The first question of importance which presents itself upon the question of damages is the effect of the adjudication in the interlocutory decree that the defendant has infringed the patent. In this connection it should be stated that the statement of evidence in the record contains the evidence which was adduced at the time of the hearing prior to the issuance of the interlocutory decree. This evidence, we think, has no place in the record, in view of the fact that the interlocutory decree was not appealed from, and is conclusive upon the parties.

Inasmuch as no issue was raised upon the subject of a notice, the entry of the interlocutory decree of the court cannot amount to an implied finding upon that subject. The question of the giving of notice required by section 4900, Rev. St., primarily related to the accounting. In Flat Slab Patents Co. v. Turner, 285 F. 257, 266, the Circuit Court of Appeals for the Eighth Circuit had under consideration the question of the authority of the District Judge, after the Circuit Court of Appeals in a patent infringement suit had found the patent infringed and had directed the entry of an interlocutory decree for an accounting. It was held that the District Judge

might allow the amendment of pleading "in any substantial manner not affecting the fact of infringement." In the course of the opinion the court said: "Section 4900, R. S., relates to the accounting for infringement, not to the fact of infringement itself." The court concluded this matter with the following decision: "In view of all of the above our conclusion is that defendant's defense [no notice of patent] under section 4900 was open before the master and before the trial court from whose decree the appeals before us were taken."

Judge Stone, in that case, cites with approval the case of Metallic Extraction Co. v. Brown (C. C. A.) 104 F. 345, which held that an "appeal * * * from a decree awarding an injunction against infringement of a patent and authorizing an accounting as to damages, and which has not become final, does not raise any question as to the damages recoverable under the pleadings and proofs."

He also cites with approval from Racine Engine & Mach. Co. v. Confectioners' Mach. Co. (C. C. A.) 234 F. 876, where it is said: "Over the accounting and all its incidents the District Court retains jurisdiction until final decree thereon is entered."

He also cites Lederer v. Garage Equipment Mfg. Co. (C. C. A.) 235 F. 527. If we assume, as was decided in an earlier case (Providence Rubber Co. v. Goodyear, 76 U. S. [9 Wall.] 788, 19 L. Ed. 566), that a defendant may by a long-continued course of conduct during an extended patent litigation, in effect, waive the necessity for an allegation that the defendant had notice of the patent given in conformity to the law, there is no such conduct here as justifies the application of such a rule. Apparently the defendant raised the issue before the master who declined to consider it, feeling himself bound by the finding of the trial court that there had been an infringement, and confining his inquiry solely to the number of automobiles altered by the defendant.

It is clear, we think, that, in the absence of allegation or proof of notice, the appellee was not entitled to recover damages or profits, and that, notwithstanding the interlocutory decree in this case for an accounting, it was still incumbent upon the appellee to prove notice as a basis for a recovery of damages. As we have stated, there was an abortive attempt to make some proof in that regard before the master. As the master did not consider the matter to be an issue before him, he did not pass upon this evidence, and in any event it was insufficient. Flat Slab Patents Co. v. Turner (C. C. A.) 285 F. 257; Franklin Brass Fdry. v. Shapiro (C. C. A.) 278 F. 435.

The appellant contends that he should not be required to account for profits resulting from the use of the patented method before the date of the issuance of the patent, citing Marsh v. Nichols, Shepherd & Co., 128 U. S. 605, 9 S. Ct. 168, 32 L. Ed. 538; Hendrie v. Sayles, 98 U. S. 546, 25 L. Ed. 176; Brill v. St. Louis Car Co. (C. C.) 80 F. 909, 910. He also contends that interest on the amount due should have been allowed only from the filing of the master's report, citing Mowry v. Whitney, 14 Wall. 620, 653, 20 L. Ed. 860, but, in view of our conclusion that the plaintiff has failed to show that he was entitled to recover any damages, it is unnecessary to consider these questions. If there was any basis for a retrial, it would be our duty to dispose of these questions, but, in view of the complete failure of the plaintiff to allege or prove facts essential to recover damages, the decree must be modified by striking therefrom the amount of damages therein fixed, with interest thereon.

Decree modified and affirmed.