Murray N. Ralph, Appellant, *v.* Loren D. Eldridge et al., Respondents.

Upon dissolution of a firm, of which plaintiff and defendant E. were the members, the notes, accounts and claims belonging to the firm were transferred to plaintiff, and E. delivered to him a bond executed by defendants, conditioned that E. would pay to plaintiff one-half the amount of said notes, etc., "that shall prove to be uncollectible." In an action upon the bond, *held*, that it was not simply a guaranty of collection, but the obligation was against the debts turning out to be valueless, and so, it was not requisite, in order to recover thereon, to show judgments recovered, executions issued and returned unsatisfied; but that plaintiff was entitled to show that since the assignment of the unpaid claims, the debtors had not been, and were not, of financial ability to pay them.

*Ralph* v. *Eldridge* (58 Hun, 203), reversed.

(Argued March 17, 1893; decided March 24, 1893.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 26, 1890, which affirmed a judgment nonsuiting plaintiff, entered upon the report of a referee.

This was an action upon a bond, the conditions of which, and the facts, so far as material, are stated in the opinion.

*John C. Keeler* for appellant. The referee erred in holding that the only admissible evidence of the non-collectibility of

notes, accounts and claims, was a judgment perfected on each, and an execution issued thereon and returned unsatisfied. (*Wallace* v. *Strauss*, 113 N. Y. 204; *People* v. *Lee*, 104 id. 441; *White* v. *Hoyt*, 73 id. 511, 512; *Belloni* v. *Freeborn*, 63 id. 383; Code Civ. Pro. §§ 3322, 3323; *Brown* v. *Curtis*, 2 N. Y. 228, 229; *Cardell* v. *McNeil*, 21 id. 340.) Defendants were estopped from claiming that the interpretation of the bond made by plaintiff was not the correct one. (*Brown* v. *Curtis*, 2 N. Y. 228; *Lawrence* v. *McCalmont*, 2 How. [U. S.] 426; *Pratt* v. *Matthews*, 24 Hun, 388.)

*V. P. Abbott* for respondents. The term " collectible " has a definite, well defined and well established meaning, as it is used in legal papers, and means collectible by due process of law. Collection means enforced payment. So that the condition of the bond has just the same meaning and force as though it read, "proved by due process of law to be uncollectible if any such there shall be." (*Loveland* v. *Shepard*, 2 Hill, 139; *Cumpston* v. *McNair*, 1 Wend. 461; *Craig* v. *Parkis*, 40 N. Y. 181; *N. Ins. Co.* v. *Wright*, 76 id. 1; *Mead* v. *Parker*, 88 id. 503; 111 id. 259; *Mosier* v. *Hotchkiss*, 2 Keyes, 592; *Burt* v. *Horner*, 5 Barb. 503.) In all the cases where the term " collection " or " collectible " is used, in the condition of a liability, it is held that the term is so well understood by all parties, that the obligor takes upon himself, by virtue of requiring an action to be brought, to fix his liability, the additional liability for costs of the action, which shall prove or disprove the collectibility. (*Tuton* v. *Thayer*, 47 How. Pr. 181–184; *Mosher* v. *Hotchkiss*, 3 Keyes, 161–164; 42 Maine, 229; *Craig* v. *Parkis*, 40 N. Y. 181.) Prosecution of the claim to judgment, and issuing an execution and the return thereof unsatisfied, and nothing less, in the case of a living debtor, is a condition precedent to the liability of a guarantor of collection. (*Loveland* v. *Shepard*, 2 Hill, 139; *Craig* v. *Parkis*, 42 N. Y. 181; *N. Ins. Co.* v. *Wright*, 76 N. Y. 445; *S. S. N. Bank* v. *Sloan*, 11 N. Y. Supp. 32; *Tolles* v. *Adee*, 91 id. 573.) The judgment roll in the case of *Burhans* v.

*Braithwaite,* was properly excluded. (*Thomas* v. *Hubbell,* 15 N. Y. 405 ; 35 id. 120 ; *People* v. *Russell,* 25 Hun, 524 ; *Douglass* v. *Howland,* 24 Wend. 35–53 ; *Annet* v. *Terve,* 4 Hill, 522.)

*Per Curiam.* Plaintiff and the defendant Eldredge had been copartners, and, upon a dissolution of the copartnership, Eldredge took over the stock of goods and fixtures, and plaintiff took a transfer of certain notes, accounts and claims belonging to the firm. A bond was given to plaintiff, upon which Eldredge was principal and the defendant Seymour was surety, and which was conditioned as follows :

" The condition of this obligation is such, that if the above bounden, Loren D. Eldredge, his heirs, executors or administrators shall and do well and truly pay or cause to be paid unto the above-named Murray N. Ralph, his certain attorney, executors, administrators or assigns, one-half of the amount of notes, accounts and claims of the late firm of Eldredge & Ralph, assigned by the said Eldredge to Murray N. Ralph, that shall prove to be uncollectible, if any such there be, with interest in the amount thereof from the date hereof without fraud or delay, then the preceding obligation to be void, otherwise to remain in full force and virtue."

This action was upon the bond, to recover one-half of what plaintiff alleged had proved uncollectible of the choses in action transferred to him. Upon the trial, the referee excluded evidence offered by the plaintiff to show the financial condition of the various debtors, and that they were not, and had not been since the assignment of the claims, of financial ability to pay the demands upon them. He held that no right of action accrued to the plaintiff against the defendants before the prosecution of the claims to judgment, and the issue and return of executions unsatisfied. This view has been sustained by the General Term, and the bond was there construed as a strict guaranty of collection. This construction is based upon the meaning attached to the words " prove uncollectible," which seemed to the court to contemplate some legal

process to determine that a claim was uncollectible. We think that the rule of construction has been too strictly applied in this case. In such an instrument its construction and its force must depend upon the apparent and reasonable intentions of the parties to it, and they, in this case, do not seem to require that the plaintiff should exhaust all his legal remedies against the various debtors. The absence of the word "guaranty" has some significance, and taken with the circumstances under which the obligation was entered into, we think it was not the intention of the obligors that the plaintiff should go to the expense of reducing all these claims, varying in amounts from insignificant to large sums, to judgment. The purpose was that the plaintiff should receive as a consideration for the transfer of his interest in the stock in trade to Eldredge the outstanding claims due to the firm, and if he found any which were uncollectible he was to be paid one-half of their amount by his former partner. The obligation was not a guaranty of the debt; it was against the debts turning out to be valueless. It cannot reasonably be inferred that the arrangement of the parties upon dissolution and settlement contemplated the assumption by plaintiff of a series of litigations, with all their attendant expenses. The obligation does not cover, by its terms, anything but the half of the claims assigned which should be ascertained to be uncollectible, and to construe it as it has been construed below would be to import into it the intention that it was to work as the ordinary guaranty of the collection of a debt. Neither the language nor the circumstances warrant a construction which would work so harshly and inequitably upon the plaintiff's rights.

We think that the judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.