(7 Misc. Rep. 65.)

### SELIGMANN v. HAHN.

(Common Pleas of New York City and County, General Term.    February 5, 1894.)

1. APPEAL—OBJECTIONS NOT RAISED BELOW.
    The rule that an appellate court may reverse without an objection and exception in the record has reference only to appeals to the general term of the trial court, and not to appeals from the general term of the New York city court to the general term of the court of common pleas.

2. PARTNERSHIP—ACTION BETWEEN PARTNERS.
    A partner may sue his copartner at law where the cause of action is not connected with the partnership accounts, and does not involve their consideration.

Appeal from city court, general term.

Action by David Seligmann against Isaac Hahn.   From a judgment of the city court (23 N. Y. Supp. 969) affirming a judgment entered on a verdict in favor of plaintiff, and an order denying a motion for a new trial, made on the minutes, defendant appeals.   Affirmed.

The action was brought by plaintiff, as one of two former copartners, to recover against the other upon his promise to indemnify the former to the extent of one-half of the loss of particular demands in favor of the copartnership firm, and which demands, pursuant to the terms of an agreement dissolving the copartnership, plaintiff had consented to accept as part of his share of the assets in consideration of the aforesaid promise.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

H. M. Whitehead, for appellant.

Epstein Bros., for respondent.

BISCHOFF, J.   Where the defendant has omitted to object to the sufficiency of the complaint on the trial, and the defect was one capable of amendment, it is too late to urge the objection on appeal.   In such a case the plaintiff is entitled to the benefit of the cause of action as established by the evidence.   Knapp v. Simon, 96 N. Y. 284.   The cases cited for appellant to the effect that the appellate court may reverse without an objection and exception in the record have reference only to appeals to the general term of the trial court.   Baylies, New Trials, 301, 333; Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952.   The position of this court towards the city court of New York is in this respect the same as that of the court of appeals towards the supreme and superior city courts.   Smith v. Pryor, (Com. Pl. N. Y.) 9 N. Y. Supp. 636.   Defendant's promise was not one to answer for the debt, default, or miscarriage of another, but one to indemnify the plaintiff for a total or partial failure of consideration.   Hence the law governing the enforcement of a guaranty cannot be applied.   Ralph v. Eldridge, 137 N. Y. 525, 33 N. E. 559; Milks v. Rich, 80 N. Y. 269.   The motion for dismissal of the complaint, therefore, which was made when plaintiff rested, and based upon the ground that plaintiff had not exhausted his remedy against the debtors of the firm, was prop-

erly denied. We are precluded from inquiry into the sufficiency of the evidence in support of the recovery by the absence of a valid exception to the denial of a motion for dismissal of the complaint, or the direction of a verdict for defendant when the introduction of evidence was concluded for both parties, and the cause was about to be submitted to the jury. Schwinger v. Raymond, supra. A motion for dismissal of the complaint was made upon the ground that an action at law was not maintainable by one copartner against another concerning any matter growing out of their copartnership relations. No exception to the denial of the motion was taken, nor is the denial urged as error on this appeal. The ground stated for the motion was clearly untenable. One partner may sue another at law upon his express promise, (Casey v. Brush, 2 Caines, 293; Arnold v. Arnold, 90 N. Y. 580,) or when the cause of action is distinct from the partnership accounts and does not involve their consideration, (Ferguson v. Baker, 116 N. Y. 257, 22 N. E. 400.) The objections to rulings on the trial are valueless upon two grounds. They relate exclusively to the admission of testimony, but it appears that they were not made until after the witness had answered the questions, and that no motion was made to strike the answers out. Platner v. Platner, 78 N. Y. 90. No ground for the objection was given in either instance. Cruikshank v. Gordon, 118 N. Y. 178, 23 N. E. 457; Crawford v. Railway Co., 120 N. Y. 624, 24 N. E. 305; Stouter v. Railway Co., (Sup.) 6 N. Y. Supp. 163. The judgment and order should be affirmed, with costs.