EPHRAIM COROTINSKY, Respondent, v. HARRY MAIMIN, the Name Harry being Fictitious, etc., Appellant.

APPEAL by the defendant from affirmance by the General Term of the City Court of the city of New York of a judgment entered upon the verdict of a jury in favor of the plaintiff. The nature of the action and the facts, so far as material, are stated in the opinion.

Frederick J. Moses, for appellant.

John Bogart, for respondent.

GIEGERICH, J. The action is for the breach of a contract whereby the parties were to purchase in common certain machinery offered at a receiver's sale and to divide any profit arising from their sale of the chattels, or else to divide the chattels in specie. In support of his case, the plaintiff testified to the agreement, his payment of $100 to the defendant as an earnest of good faith, the purchase by defendant of the chattels for $1,200, a tender of half the purchase price by plaintiff and defendant's refusal to divide the chattels or to recognize plaintiff's right to any possible distribution of profits. It was also proven that the reasonable value of the property was $2,000.

No question of the weight of the evidence being open upon this appeal, the facts are to be taken as settled against the defendant's claim that the contract never existed, and, it being within the province of the jury to find that the contract, as proven, was repudiated by the defendant, the measure of damage was properly to be based upon the profit which should have resulted to the plaintiff, taking the property at its reasonable value.

The fact that there had been a sale, and at a loss, was supported only by the interested testimony of the defendant, which, although uncontradicted, was to be accepted as proof only if acceptable to the jury (Elwood v. Western Union Telegraph Co., 45 N. Y. 549, 554; Joy v. Diefendorf, 130 id. 6, 9), and, therefore, the plaintiff's failure or inability to negative this evidence of an unprofitable sale does not affect the case, as it is presented to this court.

We do not think that the action was to be viewed as depending upon a partnership relation, and thus of equitable cognizance,

merely because the plaintiff called the adventure a partnership. Certainly the transaction itself, as described by the plaintiff, did not necessarily have the incidents of a partnership, and at best it was a question of fact whether the plaintiff, when so describing it, did not use the word "partnership" to designate a mere common purchase as distinguished from an individual purchase by the defendant for his own benefit. We gather from the record that the plaintiff is of foreign extraction, and, taken with the circumstances of the case, his choice of language did not result in proving an actual partnership as strict matter of law.

The appellant's exceptions on this point discloses his position at the trial to have been that the plaintiff had proven a partnership or nothing, and no request was made to go to the jury upon the question whether this was the fact in view of the inferences to be drawn from the testimony. This question was one which involved a construction of the evidence for the purpose of determining the meaning which the witness intended, and this was a matter of fact, not of law.

When stating the case to the jury, the court said there was no partnership, and while this might have been erroneous, had defendant taken the position that there was a question of fact, he did not take that position but coupled his exception to this statement with the single request that the jury be instructed that there was a partnership. Evidently, the question was deemed to be one which excluded an independent finding by the jury, so far as the appellant was concerned, and we should not reverse the judgment upon a ground. which was not presented to the trial court nor deemed material to the interests of the defendant-appellant in accordance with the theory upon which the trial was conducted in his behalf. Fay v. Muhlker, 1 Misc. Rep. 321, 323; Pohalski v. Ertheiler, 18 id. 33, 37; Kafka v. Levensohn, id. 202, 205.

The judgment should be affirmed with costs.

Freedman, P. J., and Greenbaum, J., concur.

Judgment affirmed with costs.