KAISER et al. v. GENERAL PHONOGRAPH SUPPLY CO.

(Circuit Court, S. D. New York. May 13, 1909.)

1. PATENTS (§ 290*)—SUIT FOR INFRINGEMENT—PARTIES.

The owner of a patent, who has granted an exclusive license thereunder, with a reservation of an interest in damages recovered from infringers and the right to cancel the license under certain conditions, may properly be joined with the licensee as complainant in a suit for infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 470; Dec. Dig. § 290.*]

2. EQUITY (§ 118*)—AMENDMENT OF PLEADINGS—BRINGING IN NEW PARTIES.

A court has jurisdiction to allow an amendment of a bill to bring in a necessary party complainant.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 554; Dec. Dig. § 118.*]

3. PATENTS (§ 290*)—SUIT FOR INFRINGEMENT—PARTIES.

The fact that a person is by contract entitled to a share of money recovered for infringement of a patent does not give him an interest in the patent, nor make him a proper party complainant in a suit for an injunction to restrain its infringement; and the same reason applies to a licensee, who has assigned his license, although he may have an interest in the damages recovered.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 470; Dec. Dig. § 290.*]

In Equity. On demurrer to amended bill.

C. V. Edwards, for complainants.

Delos Holden, for defendant.

NOYES, Circuit Judge. At the outset of his argument counsel for the defendant contends that permission to file the amended bill should not have been given, because it sets up a new cause of action. But the propriety of allowing the amendment cannot be reviewed here. The sufficiency of the bill as tested by the demurrer is the only matter now to be considered.

The seven grounds of demurrer may be thus summarized and restated: (1) The complainant Kaiser has not sufficient interest in the patent to be joined as a party complainant. (2) The complainant Cunnius has not sufficient interest in the patent to be joined as a party complainant. (3) The complainant the Excelsior Drum Works had no interest in the patent at the commencement of the suit and has not been

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

properly brought into the suit. (4) The complainants Pepper and Soistman have no interest in the relief prayed for jointly with the other complainants.

It appears, from both the original and amended bills, that the complainant Kaiser, by assignment from the assignee of the patentees, became the owner of the patent in suit. He granted an exclusive license to Pepper and Soistman, but retained an interest in damages recovered from infringers, and also—what is more important—the right to terminate the license contract under certain conditions. In view of the interests retained, he is, in my opinion, properly joined as a party complainant in the amended bill.

There is no merit in the contention that the allegations concerning the license given by Kaiser in the amended bill show that the court was without jurisdiction of the original bill for want of a proper party complainant. If this were true, a court would never have power to allow the substitution or change of parties in a case apparently brought by a proper party, but who was subsequently shown to have disposed of his interest in whole or part.

The situation with respect to the complainant Cunnius is, however, different. It does not appear that he has any interest whatever in the patent. He has merely the right to share in moneys collected from infringers. I perceive no principle upon which he can join in the prayer for the injunction; and if he cannot he should not be permitted to remain as a party complainant. His rights under the contract can be protected in other ways.

The Excelsior Drum Works—the corporation—is a proper party complainant as assignee of the license contract. But it acquired its interest after the commencement of the suit, and should properly have been brought in under a supplemental, rather than an amended, bill. Still this objection is technical, and I think the amended bill may be regarded, so far as the averments concerning said corporation are concerned, as in the nature of a supplemental bill, speaking from the date of its filing.

The complainants Soistman and Pepper, having disposed of their interests in the patent to the corporation, the Excelsior Drum Works, have no standing to pray for an injunction. As said with respect to the complainant Cunnius, their interest in the moneys to be recovered from infringers gives them no standing to pray for injunctive relief. This objection is not specifically taken in the sixth ground of the demurrer; but I think that that ground may be construed to embrace it.

The demurrer is sustained, with costs, upon the fourth ground, and also upon the sixth ground so far as it relates to the complainants Pepper and Soistman, but with the privilege to the other complainants, upon the payment of costs, to amend within 20 days by striking out the names of said parties complainant, Cunnius, Pepper, and Soistman.