### DEWEY PORTLAND CEMENT CO. v. TEXAS BLDG. CO. et al.

#### (Circuit Court of Appeals, Eighth Circuit. July 6, 1916.)

#### No. 4654.

MUNICIPAL CORPORATIONS ⬦⟶348—PUBLIC WORK—CONTRACTORS' BONDS—ACTIONS—JURISDICTION.

   Equity has jurisdiction of a suit by one who furnished material to be used on four separate contracts for public work against the contractor, its surety, which executed a bond under each contract conditioned to secure payment for work and materials, and the other parties to the contracts, where the contractor is insolvent, there are other creditors, and the material was used indiscriminately on all the contracts, making a complicated accounting necessary to determine the liability of the surety.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 878; Dec. Dig. ⬦⟶348.]

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit in equity by the Dewey Portland Cement Company against the Texas Building Company and others. From a decree dismissing the suit as to certain of the parties, complainant appeals. Reversed.

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

H. M. Beardsley, of Kansas City, Mo. (B. F. Hegler, of Wichita, Kan., Beardsley & Beardsley, of Kansas City, Mo., and Stanley, Stanley & Hegler, of Wichita, Kan., on the brief), for appellant.

R. R. Vermilion and Stanley, Vermilion, Evans & Carey, all of Wichita, Kan., for appellee Wichita Union Terminal Ry. Co.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. This case arises out of the project for the elevation of tracks in the city of Wichita, Kan. The defendant the Texas Building Company entered into four separate contracts for the doing of different portions of the work, two with the Wichita Terminal Railway Company, one with the city of Wichita, and one with the Wichita Railway & Light Company. It gave bonds for the faithful performance of the several contracts, with the United States Fidelity & Guaranty Company as surety. The condition of the bonds was the same, and provided that the Building Company would not only perform the contract, but would also discharge all claims for labor and materials. The works provided for in the several contracts were completed, but the Building Company at the time of their completion had become insolvent. The complainant, the Dewey Portland Cement Company, furnished the cement used by the Building Company for the entire enterprise. It amounted to 103 carloads, each carload containing from 500 to 800 sacks. The price of the cement varied for different shipments. No account was kept showing what particular shipments were applied to each of the several projects. On the contrary, the Building Company used all shipments promiscuously, carrying forward all of the projects at the same time. Numerous payments were made by the Building Company. It was also entitled to a credit of 10 cents for each sack returned. Neither the sacks nor the payments were applied specifically to either of the four contracts. There is due to the plaintiff, as the general balance of its account, the sum of about $10,000. There are also sums due to the Building Company in respect of two of the contracts. The bill was filed by the Dewey Portland Cement Company against the Texas Building Company, the Surety Company, and the concerns from whom a balance was due to the Building Company. The Surety Company, by its answer, disclosed that there were numerous other parties who had claims for work and material in respect of the several contracts, and asked that they all be made parties, and their claims determined. These parties were brought in. It happens that they have been settled with since the disposition of the case by the trial court, but that cannot affect the question of jurisdiction upon which this appeal turns. In the answers that were interposed, and by motions, the question was raised by the defendants that there was no jurisdiction in equity, because the plaintiff had a plain, speedy, and adequate remedy at law. The trial court sustained these contentions. It dismissed all the parties that were brought in at the instance of the Surety Company, at the cost of that company. It dismissed the parties who were brought in, because there was a balance due from them to the Building Company, at the cost of the plain-

tiff. It then directed that the action be transferred to the law docket, to be there proceeded with as an action at law.

This was error. The accounting itself is so long and complex as to make it wholly unfit for submission to a jury. The plaintiff must obtain an apportionment of the cement to the four several contracts, in order to fix the amount of liability against the Surety Company as to each bond. At the time of the action of the trial court there was also a large number of other claims against the funds in the hands of the Surety Company to which the plaintiff here must resort, and in order to do full justice it would be necessary that all claims be ascertained in a single proceeding, and the fund accruing from the Surety Company applied upon the claims thus ascertained. There is also a right, both on the part of the Surety Company and of the plaintiff, to have the balances due to the Building Company applied equitably in the discharge of the different claims.

We have not attempted to state all the features of complexity disclosed by the pleadings. Sufficient, we think, has been said to show that upon well-established principles of equity and the repeated decisions of this court the case is one for a chancellor and not for a jury. Gunn v. Brinkley Car Works & Mfg. Co., 66 Fed. 382, 13 C. C. A. 529; Hayden v. Thompson, 71 Fed. 60, 17 C. C. A. 592; McMullen Lbr. Co. v. Strother, 136 Fed. 295, 69 C. C. A. 433; Castle Creek Water Co. v. City of Aspen, 146 Fed. 8, 76 C. C. A. 516, 8 Ann. Cas. 660; Fechteler v. Palm Bros. & Co., 133 Fed. 462, 66 C. C. A. 336.

The judgment is reversed.