PETERS PATENT CORP. *v.* BATES & KLINKE, INC.

No. 601. Argued April 12, 1935.—Decided May 13, 1935.

*Mr. Harold E. Cole,* with whom *Messrs. Benjamin A. Levy* and *Joseph B. Jacobs* were on the brief, for petitioner.

*Mr. Herbert B. Barlow* was on the brief for respondent.

PER CURIAM.

In this suit for injunction to restrain an alleged infringement of a patent, and for an accounting, the Circuit Court of Appeals, on November 10, 1934, vacated an interlocutory decree for injunction and directed the District Court to dismiss the bill. On February 4, 1935, this Court granted a writ of certiorari. Upon the argument at this bar, respondent suggested that there had been a change in conditions since the decision of the Court of Appeals and the case was continued to permit counsel to submit briefs upon the questions thus raised. Briefs have been submitted accordingly.

It appears that after the decree of the Court of Appeals, and on January 17, 1935, the Superior Court of the Commonwealth of Massachusetts, in a suit brought by petitioner (its name having been changed to the H. W. Peters Corporation), appointed a receiver " of the estate, property, moneys, debts and effects of every kind and nature " belonging to petitioner. Later, on February 25, 1935, after the writ of certiorari had been granted, the state court authorized the receiver " to sell at public sale all right, title and interest that the receiver may have " in the present suit, which was described as " pending in the United States Supreme Court entitled ' *Peters Patent Corporation* v. *Bates & Klinke, Inc.,*' being No. 601 of the October Term, 1934." The sale was made accordingly and was confirmed by the state court on February 27, 1935. From the petition to confirm the sale it appears that the receiver stipulated that " he was not selling any right or title in and to any patents belonging to the plaintiff corporation."

Harriet E. Cole, the purchaser at the receiver's sale, has asked leave to intervene in this Court, but as she has not acquired through her purchase the title to, or an interest in, the patent, she is not entitled to seek an injunction to restrain infringement. *Crown Die & Tool Co.* v. *Nye Tool Works*, 261 U. S. 24, 38, 39; *Boomer* v. *United Power Press Co.*, 13 Blatch. 107, 112, 113; *Kaiser* v. *General Phonograph Supply Co.*, 171 Fed. 432, 433. The right to such an injunction underlies the equitable jurisdiction here invoked. *Root* v. *Railway Co.*, 105 U. S. 189. The motion for leave to intervene is denied.

By order of the state court, the receiver, as such, succeeded to the patent right and to the cause of action here involved. But the receiver, while retaining the patent, has disposed, with the approval of the state court, of his entire interest in the present suit against respondent. As the petitioner in these circumstances is not in a position to maintain this suit, the Court is of the opinion that the writ of certiorari should be

*Dismissed.*