SHELDON et al. v. MOREDALL REALTY CORPORATION.

No. 139.

Circuit Court of Appeals, Second Circuit.

Feb. 21, 1938.

J. Robert Rubin, of New York City (John W. Davis, Samuel D. Cohen, and Earle L. Beatty, all of New York City, of counsel), for appellant.

O'Brien, Driscoll & Raftery, of New York City (Arthur F. Driscoll and Edward J. Clarke, both of New York City, of counsel), for appellees.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiffs, the owners of the statutory copyright in the play entitled "Dishonored Lady," charged this defendant in their complaint with the infringement of their copyright by the showing of the motion picture "Letty Lynton" at its theatre in New York City. They sought an injunction; discovery; damages; and incidental relief. By amendment the prayer for relief was made to include an accounting for profits.

By reason of the stipulation into this record of the evidence in a former suit between the plaintiffs and the producer of the motion picture, see Sheldon v. Metro-Goldwyn Pictures Corporation, 2 Cir., 81 F.2d 49, and an agreement as to the facts, the infringement of the copyright by the defendant was established. However, it was also shown that the defendant had, before the bringing of this action, returned the motion picture film to the producer and that there was not then, nor has there since been, reasonable ground for believing that the defendant will infringe the copyright again.

The trial judge, recognizing the nonexistence of actual or threatened continued infringement, correctly applied the law in the opinion filed to the conclusion that an injunction should be denied. Goshen Mfg. Co. v. Myers Mfg. Co., 7 Cir., 215 F. 594. But apparently through inadvertence, an injunction was included in the decree. The appeal from that part of the decree was properly taken under the provisions of 28 U.S.C.A. § 227. The injunction will therefore be vacated and the decree to that extent reversed.

As our jurisdiction to review this interlocutory decree depends entirely upon the statute just mentioned, the general rule is that the propriety of the granting of other relief forms no part of the subject matter of the appeal and is not before us, it being not a final decision. Chadeloid Chemical Co. v. H. B. Chalmers Co., 2 Cir., 243 F. 606; Lederer v. Garage Equipment Mfg. Co., 7 Cir., 235 F. 527. But this general rule is subject to one exception. Where an appeal is rightly taken from an interlocutory decree under 28 U.S.C.A. § 227, because injunctive rights are involved, the appellate court may examine the record thus made for the purpose of determining whether or not the bill is wholly lacking in equity and, if it finds that it is, may dismiss it. In re National E. & S. Co., 201 U.S. 156, 26 S.Ct. 404, 50 L.Ed. 707; Smith v. Vulcan Iron Works, 165 U.S. 518, 17 S.Ct. 407, 41 L.Ed. 810.

It has been decided that where the plaintiff is not entitled to injunctive relief a court of equity has no jurisdiction to retain a bill like this for the purpose of awarding damages. Hutchinson Amusement Co. v. Vitaphone Corporation et al., 1 Cir., 93 F.2d 176, decided Dec. 8, 1937. And in Pathe Exchange v. Dalke, 4 Cir.,

49 F.2d 161, it was held that there is no equitable jurisdiction of a bill for infringement of a copyright when the only relief sought is an accounting. See, also, McCaleb v. Fox Film Corporation, 5 Cir., 299 F. 48, and Falk v. Gast Lithograph & Engraving Co., 2 Cir., 54 F. 890, the latter decided prior to the Copyright Act of 1909, 35 Stat. 1075.

These decisions have followed the rule in actions for patent infringement but, with all due respect, we are unable to do that to the same extent. In patent cases, only where an injunction is rightly granted may there be an accounting and an award of damages in equity. Root v. Lake Shore Railway Co., 105 U.S. 189, 26 L.Ed. 975. See, also, Peters Patent Corporation v. Bates, 295 U.S. 392, 55 S.Ct. 875, 79 L. Ed. 1498. The statute providing for an injunction in terms makes an accounting for profits and an award of damages in the same action dependent upon the right to injunctive relief. Only "upon decree being rendered in any such case for infringement," i. e., a decree providing for an injunction, may the additional relief be obtained in equity. 35 U.S.C.A. § 70.

So it is also in respect to trade-mark infringement. The statute gives the right in equity to an accounting for profits and an assessment of damages only in case an injunction is granted. 15 U.S.C.A. § 99.

But the Copyright Law of 1909 differs from each of the above statutes, in that in section 25 as amended by Act Aug. 24, 1912, 17 U.S.C.A. § 25, provision for remedies for infringement is made (a) by way of injunction and (b) by way of an award of damages and an accounting for profits. They are cumulative. The statute does not make the granting of relief under subdivision (a) a condition precedent to the granting of relief under subdivision (b). Moreover, another section of the act, 17 U.S.C.A. § 27, expressly provides that: "The proceedings for an injunction, damages, and profits, and those for the seizure of infringing copies, plates, molds, matrices, and so forth, aforementioned, may be united in one action."

Equitable jurisdiction having been invoked in good faith by suitable allegations in the bill, we are not now prepared to say that the jurisdiction falls with the failure of proof on the merits of the exclusively equitable rights. Compare L. C. Page & Co. v. Fox Film Corporation, 2 Cir., 83 F.2d 196. Nor can we be sure at this time that equity does not have concurrent jurisdiction of the accounting on general principles. See Kirby v. Lake Shore Railroad Co., 120 U.S. 130, 7 S.Ct. 430, 30 L.Ed. 569; Kilbourn v. Sunderland, 130 U.S. 505, 9 S.Ct. 594, 32 L.Ed. 1005; Boyce's Ex'rs v. Grundy, 3 Pet. 210, 7 L.Ed. 655; Oelrichs v. Spain, 15 Wall. 211, 21 L.Ed. 43; Dewey Portland Cement Co. v. Texas Building Co., 8 Cir., 234 F. 622; Walker Grain Co. v. Southwestern T. & T. Co., 5 Cir., 10 F.2d 272.

All this being so, our examination of this record does not lead us to the conclusion that the bill, regardless of the plaintiff's lack of right to injunctive relief, "is entirely destitute of equity." Consequently, the above-mentioned exception to the general rule governing the scope of this sort of an appeal is not applicable and our action in respect to the decree must be limited to a reversal of the injunction. All other questions are left for determination when, if ever, an appeal from a final decree is taken.

That part of the decree granting the injunction is reversed and in all other respects the appeal is dismissed.