## BERCOVICI v. CHAPLIN.

District Court, S. D. New York.

March 4, 1943.

See, also, 40 F.Supp. 928.

Davidson & Davidson, of New York City, for plaintiff.

Schwartz & Frohlich, of New York City, for defendant.

RIFKIND, District Judge.

Defendant moves under Rule 39, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order transferring the issues relating to a motion picture entitled, "The Great Dictator", from the jury to the nonjury calendar.

The amended complaint is in three counts and the first count is in two subdivisions. All the counts, except the second subdivision of the first count, relate in whole or in part to The Great Dictator.

The first count alleges that plaintiff and defendant entered into an agreement to collaborate in the production of a series of motion pictures and that, for plaintiff's contribution, defendant agreed to pay him 15% of the gross receipts of each motion picture and to give him screen credit as co-author; that plaintiff duly performed; that defendant repudiated the agreement; that he produced a screen play entitled, "The Great Dictator", based upon plaintiff's satire, but· denied him screen credit and has refused to pay him the stipulated share of the receipts. The claim alleged is for damages for breach of contract. Such a claim is cognizable at law and plaintiff is entitled to have the issues tried to a jury. That the damages are measurable by receipts does not convert the claim into an equitable one. Nor does the calling of the agreement a collaboration agreement have that effect. Even actions between partners may, in proper circum-stances, be entertained at law. Ferguson v. Baker, 1889, 116 N.Y. 257, 22 N.E. 400; Clark v. Dibble, 16 Wend., N.Y., 601; Seligman v. Hahn, 1894, 7 Misc. 65, 27 N.Y.S. 405; Corotinsky v. Maimin, 1902, 37 Misc. 777, 76 N.Y.S. 924.

The practical difficulties of trying the issue of receipts to a jury can be largely overcome by recourse to Rule 53, which has adopted the practice approved in Ex parte Peterson, 1920, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919.

The second count suffers from that vagueness which is the inevitable price of the attempt of the pleader to obtain the advantages of a jury trial without foregoing the benefits conferred by equity. Plaintiff alleges that his services with respect to "The Great Dictator" were rendered to defendant at his request "pursuant to the agreement heretofore set forth" and "that the fair and reasonable value of the plaintiff's services and the compensation implied by law by reason of the said collaboration is 50% of the net profits".

Although the pleader mentions the agreement, he manifestly does not rely upon its provision for compensation. He starts in the direction of a claim framed on the theory of quantum meruit and he arrives at a claim of a co-author as defined in Maurel v. Smith, S.D.N.Y.1915, 220 F. 195, affirmed, 2 Cir., 271 F. 211. I shall accept his destination as giving the dominant character to his claim. As such it belongs in equity and, with respect to this issue, he is not entitled to trial by jury.

In the third count plaintiff asserts a claim for piracy of his literary property. Such a claim may be prosecuted both at law and at equity. Plaintiff alleges that defendant, through his unlawful acts, "has received large sums of money by reason of his unlawful reproduction of the picture 'The Great Dictator' and said defendant has derived receipts therefrom for which he is accountable to, and which are payable to plaintiff in excess of the sum of $4,800,000." The complaint then prays for damages. It seems to me, however, that by merely formulating the prayer for relief in terms of a demand for damages the plaintiff does not change the essential character of the action. The allegations are those of a complaint for an accounting cognizable in equity and triable without a jury.

There is no such inter-dependence between the first count and the last two

counts as requires that all should be tried in equity, Fitzpatrick v. Sun Life Assur. Company, D.C.N.J.1941, 1 F.R.D. 713, but it seems desirable that the equitable issues should be tried first.

The motion is, therefore, granted to the extent of ordering the issues of the second and third counts transferred to the non-jury calendar. Submit order.