## BERCOVICI v. CHAPLIN.

District Court, S. D. New York.

April 10, 1944.

Davidson & Davidson, of New York City (Louis B. Davidson, of New York City, of counsel), for plaintiff.

Schwartz & Frohlich, of New York City (Louis D. Frohlich and Herbert P. Jacoby, both of New York City, of counsel), for defendant.

CAFFEY, District Judge.

There are two angles of approach. One will deal with the motion as an entirety; the other, with it by counts. Both aspects will be discussed.

█ I. If the motion be considered as an entirety, I think it must be denied. As I conceive, this is true because disposition of it otherwise would conflict with a previous ruling by Judge Rifkind. I am bound by that ruling. Commercial Union of America v. Anglo-South American Bank, 2 Cir., 10 F.2d 937, 938–940.

Judge Rifkind had before him the question of whether each of the three counts must be tried by or without a jury. In his memorandum opinion of March 3, 1943, 3 F.R.D. 409, he said, and by his order of March 16, 1943, he directed, that the third count presented to him be tried by the court without a jury. The reason he gave for his conclusion is that this count states a cause of action in equity. I believe it clear that the proposed substitute for that count states a cause of action at law. Indeed, my impression is that counsel for both sides agree that this is true.

The plaintiff urges that the test of whether a particular amendment should be allowed depends on whether (1) it relates to the same subject matter as was included in the count which the new count is designed to replace and (2), if so, whether justice requires that leave to introduce the new count be granted. Rule 15 (a) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Neither of the propositions stated need be disputed. Nevertheless, if both be conceded, I think that realistic consideration of the situation would demonstrate that allowance of the amendment not only is not required by justice, but would do injustice to the opposing defendant.

Judge Rifkind has ordered a non-jury trial of the third count. Whatever be the intention of the plaintiff, the inevitable consequence of converting the count into an action at law would be that, if desired by the plaintiff, it will be necessary that the trial of the count be by jury. In other words, my allowance of the count would bring about defeat of Judge Rifkind's order.

█ I greatly favor jury trials in cases having human elements. On the other hand, I regard it as a teaching of experience that there are types of cases with which no jury should be burdened and which the average jury is not equipped, either by training or by experience, fairly to try. This is not a reflection on jurymen or on the average jury. On the contrary, compelling such a jury to try a case which it is impossible for it, by its best efforts, to try justly would (as I conceive)

418

be an unwarranted infliction on the jury itself.

Among the instances of things which, though by law permissible, ought not to be imposed on any jury is an accounting, which probably would be both lengthy and complicated, such as the inference is strong would result if I should disregard Judge Rifkind's order.

In behalf of the plaintiff it is urged (1) that there should be liberality in allowing a litigant to frame his pleading as he chooses and (2) that the decisions approve allowing him to state his contentions regardless of whether by the change the action become one which in its nature is at law or in equity. I have no quarrel with either proposition; but I feel that neither is relevant here.

As I see it, the situation is this: The plaintiff elected to state the third count of the amended complaint in equity. Based on this, the court directed that the count be tried without a jury. Now the plaintiff seeks to alter the phraseology of what, in essence, is fundamentally the same cause of action, so that (irrespective of his intention), if the proposed substitute were allowed, this cause of action would be triable by a jury. As I view the matter, such a result would frustrate Judge Rifkind's order. I do not feel free to do that.

Accordingly, if there be a ruling on the proposed new supplemental complaint as a whole, I think I am bound to deny the motion.

II. Another way in which perhaps I may examine and dispose of the motion is to take it up by counts; and certainly, with the consent of counsel, I may pursue that plan. Indeed, I got the impression at the oral argument—though I am not certain—that both sides wish me to treat the counts independently as three separate problems. So, assuming that all do or will concur, I shall consider each count as if the fate of one is not associated with the disposition of any other count.

Standing alone, I think that allowance of the new first and second counts as amendments, and framed as stated in the proposed supplemental complaint, would not infringe Judge Rifkind's order. So also, on consent of the plaintiff and the present defendant, I think allowance of the third count on condition that it be tried without a jury would be unobjectionable.

With such consent I am willing to allow the proposed amendment of the third count, provided that the order hereon, in the interest of clarity, contain an appropriate provision that, in conformity with Judge Rifkind's decision, the amended third count shall be tried by the court without a jury.

Without such arrangement, I should be unwilling to approve the new proposed third count being brought into the case in the form in which it is embodied in the proposed supplemental complaint.

III. Out of abundance of caution, and so as to avoid misunderstanding, I add that I have not passed on whether in their present form there be objections to parts of the new counts as pleadings. That subject is a matter with respect to which my present ruling or the ruling made in the order hereon will be without prejudice.

Within five days after the filing of this memorandum in the Clerk's office let counsel communicate with each other as to whether the consent relating to the third count (mentioned in subdivision II of this memorandum) will be given.

Thereafter settle order in accordance with the foregoing on two days' notice.