## BERESLAVSKY v. SOCONY–VACUUM OIL CO., Inc.

District Court, S. D. New York.

Oct. 6, 1946.

See also 7 F.R.D. 447.

Pennie, Edmonds, Morton & Barrows, of New York City (W. B. Morton, Jr., and Curt Von Boetticher, Jr., both of New York City, of counsel), for plaintiff.

Herbert C. Smyth, Jr., of New York City (Frank S. Busser, of New York City, of counsel), for defendant.

CAFFEY, District Judge.

Two matters have been brought forward and have been argued together. They can more easily be discussed separately, without being covered in detail at this time.

### I.

Under date of September 30, 1946, the plaintiff demanded a jury trial of all issues. In due course these will be treated as a single group.

On October 3, 1946, the defendant asked for several things combined into a single motion. He wants an order as follows:

"Striking plaintiff's demand for a trial by jury on the ground that the plaintiff has waived his right to a jury trial in failing to demand it within the specified time, and on the further ground that the issues involved in this cause are of such a technical nature that the cause should be tried by the Court and not by a jury."

The essence of what the defendant seeks in part centers around the jury and in part upon trial without a jury. When the problem about jury trials has been sufficiently dealt with, the other aspects of the controversy will be taken up.

I believe it would be advantageous to proceed with the defendant's motion first.

### II.

We need not now go further than to mention Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Without regard to that rule we may note a rather distinct difference. The line has been drawn by decisions handed down by this court. The division into two classes will be enough by way of explanation.

The cases which determine separation into groups will illustrate what the ruling is or should be in the case at bar. Perhaps one example will be sufficient. This was brought out in Grauman v. City Co. of New York, D.C.S.D.N.Y., 31 F.Supp. 172, 174 right column. A pertinent statement by the court about the matter is as follows:

"The distinction between legal and equitable relief only becomes important when a party desires a jury trial and demands it pursuant to Rule 38 of the new Federal Rules of Civil Procedure. He must be accorded that right if he was entitled to it at common law, or if it has since been given to him by a valid federal statute.

\*　\*　\*　\*　\*　\*

"Under the circumstances, [as was said by one of the judges] I feel that a further discussion would serve no useful purpose. It therefore follows that the determination of whether the issues involve legal or equitable remedies may be left to a later date."

The view expressed by Prof. Moore is further emphasized by an extract taken from page 196, Vol. 1 of his book on Federal Practice. As to this he says (p. 174):

"If, however, a demand for jury trial is made, the question whether the issues are

legal or equitable should be settled in the light of the cases just discussed [which he has cited]. * * *

"It therefore follows [p. 174 right column third paragraph] that the determination of whether the issues involve legal or equitable remedies may be left to a later date."

On the other hand, in Pallant v. Sinatra, D.C.S.D.N.Y., 59 F.Supp. 684, 685 right column, through another judge, the court spoke in unequivocal terms with respect to the two relevant lines of demarcation. As to these it was said:

"The first two causes of action are conceded to be causes of action in equity— hence triable by that court without a jury. * * * The Third cause of action for a breach of implied trust is also an equitable action. * * *

"The Fourth cause of action is an incident to the equitable relief asked for in the first three causes of action and does not entitle plaintiff, under the circumstances, to a common law trial."

Other cases could be cited, but I deem it useless to go further with details. The principle laid down by the rulings in this court seems to me clear. It also seems to me enough to employ them in getting at the relevant results.

### III.

Additional decisions include the following: Bercovici v. Chaplin, D.C.S.D.N.Y., 56 F.Supp. 417 right column, 418; and Bercovici v. Chaplin, D.C.S.D.N.Y., 3 F.R.D. 409, 410 right column last two complete paragraphs.

See also three other decisions by this court in Buggeln & Smith v. Standard Brands, D.C., 27 F.Supp. 399; Lader v. Dahlberg, D.C., 2 F.R.D. 49, 50; and Milstein v. Edward Small Productions, D.C., 3 F.R.D. 45.

Another opinion handed down by this court has not been discussed. Pallant v. Sinatra, D.C.S.D.N.Y., 7 F.Supp. 294. If on further consideration counsel desire to comment on it that will be agreeable to me; but in that event my attention should be drawn to specific points heretofore dealt with.

It will be noted that we have not cited any decision unless made by this court.

### IV.

My reflections have not produced satisfactory terms with respect to what should be the outcome of the plaintiff's demands dated September 30, 1946, or of the defendant's motion dated October 3, 1946, or of the two combined. I had hoped that the present memorandum might result in a composure as to the contents of an order thereon. Of course, however, I do not count on that.

Accordingly, I have concluded that it is better that the parties now have opportunity to examine my memorandum of today before we advance further.

With this in mind I shall file my memorandum in the Clerk's office. Possibly, after the two sides examine it, they may reach an agreement as to the form of the order thereon.

With all this in mind, I propose the following for consideration: On five days' notice of settlement either side may serve on his or its opponent a proposed order in conformity with this memorandum or a similar memorandum or with such a memorandum as modified. On three days' additional notice of settlement counsel may serve on his or its opponent a like proposed order or substitute order. If counsel otherwise consent or the court otherwise authorize, a different length of time of settlement will be fixed. If there be no adjustment between the parties as to form, it is unlikely that we can escape a vast lot of work ahead for the parties and the court.

I shall not prescribe any rigid provisions, or progress further, until I know or feel confident of what is the attitude of those who are interested. My impression is that, except as stated, I had best leave the situation as it stands today. However, I may decide to hold the matter for oral hearing on the form of order.

### V.

Save for reservations as embodied in the memorandum, settle order in accordance with the conditions set out in the memorandum.