## BERCOVICI v. CHAPLIN.

### Civ. No. 14–190.

District Court, S. D. New York.
Oct. 8, 1946.

See also 56 F.Supp. 417.

Davidson & Davidson, of New York City, for plaintiff.

Schwartz & Frohlich, of New York City, for defendant.

RIFKIND, District Judge.

Although this application by plaintiff was made under Rule 16, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it has been treated by both sides as if it were a reargument of the motion previously made by defendant to transfer the cause from the jury to the non-jury calendar. That motion was granted in part and the second and third causes of action were ordered transferred to the non-jury calendar. For the previous opinion in this case see D. C., 3 F.R.D. 409.

I have considered the second cause of action anew and have again reached the conclusion that it states a claim in equity. Plaintiff asserts that he intended to plead one of the "common counts", namely, an action in quantum meruit. That plaintiff knew how to plead quantum meruit is evident from "Subdivision B" of the first

count, wherein he declared that, "The plaintiff, at the special instance and request of the defendant, rendered certain work, labor and services from the month of January, 1937, to and including January, 1938, of the fair and reasonable value of at least the sum of $150,000".

Had plaintiff intended to do no more in his second cause of action than to plead a count in quantum meruit he would have used the formula of Subdivision B. Instead he alleged collaboration, the extent of the profits earned by the defendant collaborator, and that "the compensation implied by law by reason of said collaboration is 50% of the net profits". It seems to me that plaintiff has done all but cite Maurel v. Smith, D.C.S.D.N.Y., 1915, 220 F. 195, affirmed 2 Cir., 1921, 271 F. 211, in his very complaint. I think he has brought himself into equity and that he is not entitled to a jury trial of the second cause of action.

Concerning the third cause of action I am persuaded that my previous decision should be abandoned. Since that decision was made, the Court of Appeals of this circuit has decided Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 467. In that case, under the Copyright Law, plaintiff, a layman suing pro se, in his original complaint, asked "at least one million dollars out of the millions the defendant has earned and is earning out of all the plagiarism." In the amended complaint, his prayer for relief sought judgment "in the sum of $1,-000,000 as damages sustained by the plagiarism of all the compositions named in the complaint". With respect to the question of jury trial, the Court said, "Plaintiff with his complaint filed a jury demand which defendant moved to strike out. Defendant urges that the relief prayed in the complaint renders a jury trial inappropriate. We do not agree. Plaintiff did not ask for an injunction but solely for damages. Such a suit is an action at 'law.' That it is founded solely on a statute does not deprive either party of a right to a trial by jury".

What is additionally significant is that the court cited, in support of its major premise, Pathe Exchange Inc. v. Dalke, 4 Cir., 49 F.2d 161, on the very point on which this Circuit Court had previously refused to follow that precedent. Sheldon v. Moredall Realty Corp., 2 Cir., 1938, 95 F.2d 48, 49.

If the form of complaint in the Arnstein case which relies upon the copyright statute puts the cause on the law side, a fortiori this is true of the case at bar which is for common law infringement. At common law, the remedy for infringement of copyright was an action on the case for damages; 54 Yale Law Journal, 1945, 697, 701, footnote 19.

On reconsideration I also withdraw the suggestion made in the prior opinion that the equitable issues should be tried first. It seems preferable to leave it open to the discretion of the trial judge to try the jury and non-jury issues in such succession or simultaneously, as the circumstances dictate, with submission to the jury of the law issues only. Bruckman v. Hollzer, 9 Cir., 1946, 152 F.2d 730. The previous order will be modified in accordance with this opinion. Settle order on notice.