**TYNAN v. R. K. O. RADIO PICTURES, Inc.**

District Court, S. D. New York.

July 15, 1947.

On Motion for Transfer Jan. 27, 1948.

Lotterman & Tepper, of New York City, for plaintiff.

Gordon E. Youngman and Donovan, Leisure, Newton, Lumbard, & Irvine, all of New York City, for defendant.

KNOX, District Judge.

Upon the assumption that this action, by virtue of the decision of the Appellate Court for this Circuit, in Arnstein v. Porter, 2 Cir., 154 F.2d 464, may properly be tried before a jury, I am of the belief that, under the circumstances here existing, I should not exercise such discretion as is given me under Rule 39(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in order to bring this about.

In making the instant motion, plaintiff makes no offer to waive or qualify his demand that defendant account for all gains, profits and advantages derived by defendant from its alleged infringement of his literary property. If a jury were to find that plaintiff's rights have been invaded, the accounting to be made by defendant would be long, tedious and technical, and involve questions that a jury is ill adapted to decide. Furthermore, it would be wasteful of the time of this Court.

As matters now stand, defendant need not be subjected to the hazards of an ordeal such as is suggested. If plaintiff succeeds in imposing liability upon defendant, the latter's accounting may proceed before a Master in manner that will be deliberate,

fair and just to each litigant. This is a matter of distinct importance to defendant. For such reason, and irrespective of the asserted justification for plaintiff's failure seasonably to demand a jury trial, I feel that if I were to grant plaintiff the relief he now seeks, it might well be highly prejudicial to defendant.

Plaintiff's motion that his suit be transferred from non-jury to the jury calendar is, therefore, denied.

### On Motion For Transfer To Jury Trial Calendar.

RIFKIND, District Judge.

Plaintiff's motion is for an order directing the calendar commissioner to transfer the cause from the non-jury trial calendar to the jury trial calendar as of August 13, 1947, the date upon which plaintiff's demand for trial by jury was served and filed.

The amended complaint is at law. The demand was served together with the amended complaint. Defendant contends, however, that plaintiff has waived his right to trial by jury.

The original complaint was filed on March 25, 1946, after the decision in Arnstein v. Porter, 2 Cir., 154 F.2d 464, but before that decision was published in the advance sheets of the Federal Reporter, which occurred on May 20, 1946. The original complaint did not seek any injunctive relief but did demand an accounting for profits. The affidavit of plaintiff's counsel declares that he was at the time of the opinion that the complaint was one in equity and not entitled to trial by jury. In forming that opinion he relied on the cases of Pallant v. Sinatra, D.C., S.D.N.Y., 1945, 59 F.Supp. 684; Bercovici v. Chaplin, D.C., S.D.N.Y., 1943, 3 F.R.D. 409; Young v. Loew's, Inc., D.C., S.D.N.Y., 1942, 2 F.R.D. 350; and Sheldon v. Moredall Realty Corp., D.C., S.D.N.Y., 1937, 22 F.Supp. 91, reversed 2 Cir., 1938, 95 F.2d 48.

Subsequently, in connection with an application for the examination of the defendant, Judge Bondy held that the action was one at law. In so holding he relied upon Arnstein v. Porter, supra. Thereafter, plaintiff applied for an order transferring the cause to the jury calendar under the discretionary powers of the court, Rule 39(b) of the Federal Rules of Civil Procedure. Judge Knox denied that application and in his opinion stated: "In making the instant motion, plaintiff makes no offer to waive or qualify his demand that defendant account for all gains, profits and advantages derived by defendant from his alleged infringement of his literary property. If a jury were to find that plaintiff's rights have been invaded, the accounting to be made by defendant would be long, tedious and technical, and involve questions that a jury is ill adapted to decide. Furthermore, it would be wasteful of the time of this Court."

Thereafter plaintiff served an amended complaint in which he alleged additional acts of infringement and omitted the demand for an accounting for profits.

The defendant argues that since it has now been held that the first complaint was one at law, plaintiff's failure to file a demand for trial by jury must be deemed a waiver; that the amendment does not change the character of the action which is still at law; and that plaintiff's present demand is merely a device to revive a right to a jury trial which he had lost by his previous waiver.

I cannot agree that the amended complaint is indistinguishable from the original complaint as the defendant contends. In the original complaint plaintiff sought to recover his damages and to compel defendant to account for the profits earned by defendant. In the amended complaint plaintiff seeks only a money judgment for his damages.

Under these circumstances I am of the opinion that the plaintiff is entitled to a trial by jury and that his demand was timely, see Bereslavsky v. Caffey, 2 Cir., 1947, 161 F.2d 499; Bereslavsky v. Kloeb, 6 Cir., 1947, 162 F.2d 862; and that, in any event, he should have his jury trial as a matter of discretion. The only question is whether by such a decision I would overrule the decisions of Judge Bondy and Judge Knox. Judge Bondy, in reliance upon Arnstein v. Porter, held the original complaint to be one at law. In reliance upon the same author-

240

ity I abandoned a portion of the opinion in Bercovici v. Chaplin, supra. See Bercovici v. Chaplin, D.C., 7 F.R.D. 61. Judge Bondy never passed on the application now before me, nor has he in this case announced a rule of law inconsistent with the opinion here expressed. Judge Knox refused to exercise his discretion in favor of a jury trial on the grounds assigned by him. Those very grounds have been eliminated by the amendment.

Motion granted.